CITY OF DEARBORN, Defendant in Error, v. GANN & ATKINSON, Plaintiffs in Error.

Kansas City Court of Appeals, November 4, 1907.

1. **JUDGMENTS: Setting Aside: Subsequent Term: Irreguarity.** Where a judgment in appearance regular is in truth irregular and of no effect on account of some error of fact not made to appear, it may be set aside after the term at which it was rendered.

2. ——: ——: ——: ——: **Laches: Limitations.** Delay of something over a year ought not to be considered undue where it in no way affects the interests of the other party; and there is no limitation against a proceeding to set aside such a judgment.

Error to Platte Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*W. A. Banister* and *Perry A. Brubaker* for plaintiffs in error.

(1)   It will be seen that there are three grounds for setting aside a judgment: Fraud, mistake or accident. In this case there is no ground. But even if there is fraud, mistake or accident the judgment will not be set aside unless there has been positive injustice done and there has been no laches on part of party attacking judgment. Smoot v. Judd, 184 Mo. 575; Smoot v. Judd, 161 Mo. 673; Wonderly v. Lafayette Co., 150 Mo. 635; Ritter v. Democratic Press, 68 Mo. 458; Bank v. Kingston, 103 S. W. 27; Fisher v. Fisher, 114 Mo. App. 627; Billingham v. Miller, 115 Mo. App. 154; Lovitt v. Russell, 138 Mo. 483; Anderson v. Perkins, 52 Mo. App. 527; Deidesheimer v. Deidesheimer, 74 Mo. App. 234; Smith v. Taylor, 78 Mo. App. 633; State ex rel. County v. Scott, 104 Mo. 26; Bradley v. Welsh, 100 Mo. 258; McIntire v. McIntire, 80 Mo. 473; Sweet, Administrator, v. Maupin, 65 Mo. 73; Corley v. McKeag, 57 Mo. App. 415; Weise v. Schuler, 13 Mo. App. 583; Cooper v. Duncan, 20 Mo. App. 359; Buffington v. Carty, 93 S. W. 779.
(2)   Courts cannot set aside a judgment "unless it is erroneous upon the record or the discretion of the court has been oppressively exercised against the complaining party." Anderson v. Perkins, 52 Mo. 527; Deidesheimer v. Deidesheimer, 74 Mo. App. 234, l. c. 237.

*James H. Chinn* and *Guy B. Park* for defendant in error.

(1)   There is nothing in the contention of plaintiffs in error that the defendant is guilty of laches or that such an action could not be brought after end of term at which judgment was rendered. (2)   For error

in fact which can only be shown by evidence outside the record, a direct proceeding may attack after lapse of the term at which judgment was rendered. Neeman v. St. Joseph, 126 Mo. 93; Fisher v. Fisher, 114 Mo. App. 672; Craig v. Smith, 65 Mo. 536; Estes v. Nell, 165 Mo. 394; Ex parte Toney, 11 Mo. 663; Ex Parte Gray, 77 Mo. 161; Black on Judgments, secs. 303, 322; State ex rel. v. White, 75 Mo. App. 257. (3) As the errors complained of do not appear upon the face of the proceedings it can only be brought to the attention of the court by a proceeding in the nature of a writ of error *coram nobis*. I know of no statute of limitation against such motion. Latshaw v. McNees, 50 Mo. 384; Hadley v. Barnero, 103 Mo. App. 560; Hirsh v. Weisberger, 44 Mo. App. 506; Stephen on Pleading (8 Ed.), 117.

ELLISON, J.—This proceeding was begun in the circuit court of Platte county to annul and set aside a judgment entered on the records of said circuit court against this plaintiff. The judgment in the trial court was for the plaintiff and defendants prosecute their writ of error.

It appears that the defendants had an account for 360 yards of dirt furnished by them, and that they brought suit before a justice of the peace on such account against "The Town Board of Dearborn, Missouri, composed of John Berry, Mayor,—W. H. Robinson, Ed. Scaggs, Little Stagner and Milton Moore." The statute (section 5894, Revised Statutes 1899) declares that cities of the fourth class must be sued in their corporate name. A summons was issued by the justice directed to the constable commanding him to summon the individuals just named. That summons was afterwards discovered to have been changed by adding or interlining in the body thereof, the words "against the city of Dearborn, Platte county, Mo." There was evidence tend-

ing to show that the change was made before it was served; and on the contrary, that it was made after it was served. But it seems certain that the change was made after it was issued by the justice and without his direction, though there was some evidence that it was done by direction or consent of the justice's daughter over the telephone.

There was evidence further tending to show that the individuals appeared before the justice and a trial was had resulting in a judgment for the plaintiffs in that case. The defendants in that case thereupon appealed to the circuit court. The case was called in that court and had proceeded as far as empaneling the jury, when the attorney for defendants noticed for the first time that there had been an amended account filed, in which the names of the defendants were dropped and that of "The city of Dearborn, Mo., a corporation organized under the laws of Missouri," substituted. The attorney thereupon announced to the court that the case seemed to be standing against a defendant he had no authority to represent, and he thereupon withdrew. The case thereupon proceeded to the judgment against this plaintiff which it is now sought, by the present action, to set aside. The judgment recites that this plaintiff as defendant in that action, appeared to the action, and upon its face appears to be a valid judgment.

The trial court found that that judgment was rendered without jurisdiction over the defendant therein; that the record entry of appearance was erroneous; and that such defendant did not have notice of the pendency of such action; and that no attorney appeared for it; and that the judgment was erroneous in fact. The correctness of that finding is attacked, but we find it to be supported by the evidence. The record itself discloses that the action was not brought against this plaintiff and the evidence, as already stated, justified

the court in finding that it did not appear to that action, nor did it authorize any one to appear. The present defendants have cited us to a number of authorities to be found in their brief, but we do not deem them applicable, nor do we consider them as standing in the way of the relief granted.

The law is that where a judgment, in appearance regular, is in truth irregular and of no effect on account of some error of fact not made to appear, it may be set aside after the term at which it was rendered. [Neenan v. City of St. Joseph, 126 Mo. 93; Craig v. Smith, 65 Mo. 536.]

But defendants insist that plaintiff has been guilty of laches to such extent as to be debarred of relief. We do not think so. The judgment sought to be set aside was obtained August 6, 1903, and this proceeding to annul it was begun December 23, 1904. To a like plea made in Latsham v. McNees, 50 Mo. 381, the Supreme Court said that there was no statute of limitations against such proceedings. And certainly the space of little more than a year ought not to be considered as undue delay. There is nothing in the record to show that the delay in instituting this proceeding was for the purpose of injuring the defendants, or that it can affect their interests.

There are a great many matters assigned as reasons why the trial court erred in setting aside the judgment. The greater part of them are based on assumptions which the record does not bear out, or on alleged facts which have been found against defendants. It is said that this plaintiff appeared to the former action; that it appealed from the judgment rendered by the justice, etc. These are matters denied by plaintiff and necessarily found not to be facts by the trial court. In point of fact this plaintiff was never in court until the beginning of these proceedings.

We have examined in detail objections presented by defendant but do not find anything which would justify our interference, and hence affirm the judgment. All concur.