ESTATE OF MARTHA L. MAIN, DECEASED, KINZEA COX, ADMINISTRATOR ET AL., RESPONDENTS, v. GEORGE CLINTON MAIN, EXECUTOR OF THE ESTATE OF DEWITT C. MAIN, DECEASED, APPELLANT.—152 S. W. (2d) 696.

Kansas City Court of Appeals. May 26, 1941.

*James H. Hull, David R. Clevenger* and *Madden, Freeman & Madden* for respondents.

*John F. Cell* and *John R. James* for appellants.

BLAND, J.—This is an appeal from a judgment of the circuit court, affirming a judgment or order of the probate court. The judgment affirmed was one sustaining respondents' motion to set aside an order previously entered by the probate court, declaring that certain personal property of the estate of Martha L. Main, deceased, was trust property and should be turned over to the beneficiary, DeWitt C. Main, the husband of said Martha L. Main.

The facts show that Martha L. Main, a resident of Jackson County, died on April 23, 1936. On May 19, 1936, DeWitt C. Main, her surviving husband, filed in the Probate Court of Jackson County, an application for an order refusing letters of administration, in which application, said DeWitt C. Main, stated that the value of the estate did not exceed $50, but that there was other personal property consisting of stocks in a lock box in a Kansas City bank, which property was that of the applicant. The application was sustained, and Mr. Main was thus enabled to gain access to the safety deposit box. However, it appears that he encountered some difficulty in having the stocks transferred to him on the books of the corporations issuing them because they stood in the name of deceased. So, on June 19, 1936, he filed, in the probate court, a motion to set aside the order of refusal of letters of administration, stating that since the time that the order for refusal of letters of administration had been made, the safe deposit box had been opened, and that there was found therein certain certificates of stock taken in the name of Martha L. Main, deceased, and held on the books of the various companies in her name. The applicant claimed these as his absolute property. The application contained a request that an administrator be appointed, and was duly sworn to by DeWitt C. Main.

On this application, the probate court made a finding that "additional assets of the estate had been discovered" and set aside its order of May 26, 1936, refusing letters of administration, and granted letters of administration to DeWitt C. Main. The only application made by him was that made in the application to vacate the order of no administration. The motion to vacate the order for no administration contained no recital with reference to the existence of other heirs or legatees of Martha L. Main, deceased.

On June 19, 1936, and on the same day on which he was appointed administrator, the said DeWitt C. Main, filed an application for the appointment of an administrator *pro tem*. In this application he stated that he was in possession of certain certificates of stock left by Martha L. Main, deceased, which he claimed as his absolute property, and he desired to present a claim for them against her estate.

On September 29, 1936, he filed, in the probate court, a petition entitled: "PETITION FOR ORDER DECLARING PERSONAL PROPERTY HELD BY DECEASED A TRUST." In this petition he stated, that his wife, during her lifetime, and at various times, with his permission, invested sums of money, belonging to him and earned in his business, in various stocks and bonds, taking title thereto and holding the same in her name; that it was understood between them that said stocks and bonds should be held in her name for the use and benefit of the petitioner; that said stocks and bonds are and, always at all times, have been the absolute property of the petitioner. The petition then sets out a list of stocks to which he claimed title. The petition then prays for an order of the court: "1. Declaring your petitioner the absolute owner and entitled to the possession of the aforesaid described shares of stock. 2. That your petitioner, as administrator of the above estate, be authorized to endorse said shares of stock not endorsed by deceased in her name, as administrator of the above estate, in order that title thereto may be in your petitioner." This petition was duly verified by DeWitt C. Main.

The Honorable H. G. Leedy, a member of the Jackson County Bar, was appointed administrator *pro tem* and, in the order appointing him, the court directed that "he hear testimony and report to the court his findings."

On February 1, 1937, Mr. Main filed an instrument called "First Amended Petition," which contained substantially the language of his original petition, but instead of being verified by him, it was verified by his attorney.

On February 1, 1937, the administrator *pro tem* made his report and, on the same day, the probate court, without hearing any evidence, and without giving any notice to any of the heirs of Martha L. Main, deceased, entered an order or judgment entitled: "Order Declaring Personal Property a Trust and Order to Clear." The order recites that the administrator *pro tem* caused certain witnesses to appear before him and that their testimony was duly transcribed; that by said testimony so taken it was shown that DeWitt C. Main had for many years past been engaged in the furniture business in Kansas City; that the deceased, Martha L. Main, from time to time, during her lifetime, had taken money from the business for the purpose of making investment of the same and, with his consent, his money was invested in stocks described in the inventory; that deceased frequently stated that she was investing her husband's money because he had a weakness for speculating and had made a number of bad investments in oil stocks; that she believed a more conservative form of investment advisable; that the stocks were taken and held in her name on the books of the various companies mentioned in the inventory in which investments were made; that the certificates representing said stocks at the time of her death were deposited in a safe deposit box in her name in Kansas City, to which Mr. Main had access.

The order then describes the stocks in question. It then recites that it appearing to the court, from the conclusions of fact made by the administrator *pro tem*, "that said stocks were so purchased and were held in trust for the petitioner, DeWitt C. Main" and it further appearing from said report that shortly prior to the death of deceased, Martha L. Main, she endorsed said stocks, with one exception, in blank, stating at said time that she was doing so in order that if anything happened to her her husband could clear the same without any trouble; that it appearing from the report that she made a symbolic delivery thereof to Mr. Main, and that he in turn, placed said stock back in said safe deposit box and, that in addition to the said stocks being a trust, the administrator *pro tem* found the same to be a gift *causa mortis,* if the same were not a trust by her, in contemplation of early death.

"It is therefore ordered, adjudged and decreed by the court that the above and foregoing stocks be and are held and declared to be, the sole property of DeWitt C. Main, petitioner.

"It is further ordered that said DeWitt C. Main be empowered to endorse any of said stocks not properly endorsed by him as administrator of the estate of the deceased, according to law, that he may have full and complete title thereto and that all the right, title, interest and estate which the deceased may have had in said stocks in conformity with said report of said administrator *pro tem* be in said DeWitt C. Main."

On September 20, 1937, there was filed, in the probate court, a motion entitled: "MOTION TO VACATE AND ANNUL THE PROCEEDINGS AND ORDERS DECLARING THE ASSETS OF THE ABOVE ESTATE A TRUST FOR THE BENEFIT OF THE ADMINISTRATOR HEREIN." This motion was filed by various persons, who were all of the heirs of Martha L. Main, deceased, and the beneficiaries of her estate (among them, one Kinzea Cox, a nephew of the said Martha L. Main), with the exception of DeWitt C. Main. This motion sought to have the order in question vacated (1) Because the administrator *pro tem* and the court acted in excess of the jurisdiction of the court; (2) Because said order was obtained without notice to said heirs and beneficiaries and hence not binding upon them; (3) Because DeWitt C. Main, in obtaining said order was guilty of such conduct as to amount to a legal fraud upon the court; (4) Because the finding that there was a gift *causa mortis,* was outside the issues raised by the pleadings.

While this motion was pending, and before a hearing was had thereon, and on December 27, 1937, DeWitt C. Main died, and George Clinton Main became administrator of his estate, and it is to be inferred, from the record, that Kinzea Cox became administrator *de bonis non* of the estate of Martha L. Main. On January 30, 1939, the court duly sustained said motion to vacate upon all of the grounds

assigned therein, reciting that all the parties in interest had been notified and appeared, including Kinzea Cox, administrator *de bonis non* of the estate of Martha L. Main, deceased, and ordered that the administrator of the estate of DeWitt C. Main ''forthwith turn over to Kinzea Cox, Administrator *de bonis non* of the estate of Martha L. Main, deceased, the above described property (the stocks in question), or the reasonable value thereof, together with any and all interest or income therefrom.''

The administrator of the estate of DeWitt C. Main, duly appealed to the circuit court. The affidavit and application for appeal states that the appeal was from the order of the court made on February 1, 1937, ordering that the administrator of the estate of DeWitt C. Main ''forthwith turn over to Kinzea Cox, Administrator *de bonis non* of the estate of Martha L. Main, deceased, certain personal property,'' etc. The order allowing the appeal, as well as the appeal bond filed in the probate court, also recite that the court ordered the property (stocks) to be turned over to Kinzea Cox, Administrator *de bonis non* of the estate of Martha L. Main, deceased.

In the circuit court a jury was waived and, after a trial of the cause, the court entered a judgment affirming the order of the probate court vacating the order of February 1, 1937, and ordered that the administrator of the estate of DeWitt C. Main forthwith turn over to Kinzea Cox, administrator *de bonis non* of the estate of Martha L. Main, deceased, the property in question ''or the reasonable value thereof,'' together with any and all interest or income therefrom.

The trial court rendered a written opinion in the case which is set forth in the record. It appears from this opinion that he affirmed the order of the probate court vacating the order of February 1, 1937, on the ground that the relief, sought by DeWitt C. Main, in the petition filed in the probate court entitled: Petition for Order Declaring Personal Property Held by Deceased a Trust,'' was such that only a court of equity had the power to afford.

Appellant insists that the court erred in affirming the order of the probate court, vacating the order in question and, in this connection, insists that the probate court had jurisdiction to try and decide the issue as to the right of possession and ownership of the stocks in question, and that the petition of DeWitt C. Main, filed in the probate court entitled: ''Petition for Order Declaring Personal Property held by Deceased a Trust'' did not present an issue that could be tried only by a court in equity.

It is admitted that if the petition presented an equitable issue or issues, the probate court had no jurisdiction to try it or them. On this point see Peck et al. v. Fillingham's Est., 202 S. W. 465; Jenkins v. Morrow, 131 Mo. App. 288; In Re Est. of Glover & Shepley, 127 Mo. 153.

While appellant seems to admit that the title of his petition would

suggest that equitable relief was sought, he contends that the rule is well established that the allegations of a petition or pleading are to be determined by its character and not by its title, citing in support thereof McCafferty v. Clay, 18 S. W. (2d) 569; Calman v. Cox, 296 S. W. 845. However, the petition clearly shows, on its face, and without the title, that the latter is not a misnomer.

It is admitted that the appellant that his proceeding was not under the provisions of Article VII of the statute, covering administrations and relating to allowances and classifications of demands against estates. Of course, it would not be so considered because it did not comply with the requirements therein attending the filing of such claims against estates; nor do the proceedings upon his petition and the judgment conform to those provided by said article. It has been held that a demand against the estate of a deceased person may be established, or allowed, only under the provisions of that article or in an action in the circuit court. [Jenkins v. Morrow, 231 Mo. App. 288; Wahl v. Murphy, 99 S. W. (2d) 32, 35.] We think that the judgment rendered by the probate court, based upon the petition in question, was void for the reason that it afforded relief that only a court of equity is empowered to give, in that it, at least in effect, declared a trust in the stocks in question in favor of DeWitt C. Main and orders that they be turned over to him as a *cestui que trust.* [Jenkins v. Morrow, *supra*; Orr v. St. Louis Union Trust Co., 291 Mo. 382, 408; Clay v. Walker, 6 S. W. (2d) 961; State ex rel. North St. Louis Trust Co. v. Wolfe, 122 S. W. (2d) 909.]

However, appellant contends that the proceedings in the probate court, wherein DeWitt C. Main sought to have the title to the stocks in question adjudged to be in himself, was not under Article VII but Article II of the Administration Law. There can be no merit in this contention for the reason that Section 63 *et seq.* of Article II, Revised Statutes, 1939, deals solely with proceedings to discover assets of assets of estates, and not demands or claim against them. However, appellant undoubtedly means that the cases construing these sections, as relating to the relief that may be granted under them shows that the probate court has jurisdiction over matters involving the right of property. Those decisions so hold. [Morley v. Prendville, 295 S. W. 563; Clinton v. Clinton, 223 Mo. 371; See, also, Eans' Administrator v. Eans, 79 Mo. 53; Gordon v. Eans, 97 Mo. 587, as construed by Clinton v. Clinton, *supra*, 1. c. 385, 386.]

However, even under proceedings to discover assets the probate court has no equitable jurisdiction. [See State ex rel. North St. Louis Trust Co. v. Wolfe, *supra*.]

If DeWitt C. Main had based his claim against the estate of his wife, solely, upon a money demand against the estate and under the provisions of Article VII of the Administration Law, then the probate court would have had jurisdiction to try the right of prop-

erty in the securities in question. [See State ex rel. Stetina v. Reynolds, 286 Mo. 120, 125; Hoffman v. Hoffman, 126 Mo. 486; Hammons v. Renfro, 84 Mo. 332.] However, these three cases were distinguished in Orr v. St. Louis Union Trust Co., 291 Mo. l. c. 408, where it was said: "An examination of those cases shows that only direct demands for money judgments were therein under consideration, the same to be satisfied out of the personal property of the estate, and only to be satisfied out of the real property in case the personal property proved insufficient. No question of following a trust fund into specific real estate and establishment of lien therein for a portion of the trust fund was involved in either case. The cases may thus be distinguished from the case at bar."

In the case at bar Mr. Main did not seek a money judgment but sought to have the probate court declare that his wife had held the stocks in trust for himself, and the court did so declare and, as before indicated, the court was wholly without jurisdiction to make such an order. The order, upon its face, shows that the court was without jurisdiction to make it; that it is *coram non judice* and wholly void and even subject to collateral attack. [34 C. J., pp. 518, 519, 545, 546; State ex rel. v. Collins, 12 Mo. 178; 31 Am. Jurisprudence, p. 200.] In reference to such a judgment it is stated in 31 Am. Jurisprudence, pp. 91, 92: "A void judgment is not entitled to the respect accorded a valid adjudication, but may be entirely disregarded or declared inoperative by any tribunal in which effect is sought to be given to it. It is attended by none of the consequences of a valid adjudication. It has no legal or binding force or efficacy for any purpose or at any place. It cannot effect, impair, or create rights. It is not entitled to endorsement and is, ordinarily, no protection to those who seek to enforce it. All proceedings founded on the void judgment are themselves regarded as invalid. In other words, a void judgment is regarded a nullity, and the situation is the same as it would be if there were no judgment. It, accordingly, leaves the parties litigant in the same position they were in before the trial," and, at page 301: "Absence of jurisdiction of a court rendering a judgment constitutes sufficient ground for its vacation by such court, not only during the term at which it was rendered, but also after such term. It has been held proper to exercise the authority either before or after the expiration of the time to appeal from th judgment." [See, also, 34 C. J., p. 217; Dearborn v. Gann et al., 126 Mo. App. 638; Holman v. Renaud, 141 Mo. App. 399.]

There is no contention made by the appellant that the petition is sufficiently broad to raise an issue as to whether there was a gift *causa mortis* by Mrs. Main to her husband, and whether the probate court would have jurisdiction to adjudge such a gift need not be inquired into.

However, the appellant contends that the heirs and beneficiaries

of the estate of Martha L. Main, deceased, could not lawfully file a motion to vacate the order of the probate court, awarding to DeWitt C. Main the stocks in question, for the reason that they are strangers to the record. This contention was not made at any time in the court below, so far as the record shows, or in this court, except herein a reply brief. It is well established that a new point may not be raised for the first time in this court in a reply brief. [Ridenour v. Mines Co., 164 Mo. App. 576, 599; Erdmann v. United Rys. Co., 173 Mo. App. 981.] However, appellant says that this matter goes to the jurisdiction over the subject-matter of the probate court and the trial court. It has been held that a stranger to the record may not file a motion for a new trial or appeal from the judgment. [Ewart v. Peniston, 233 Mo. 695.] But whether a person interested in an estate, other than an administrator or executor, may file a motion to vacate a void order, disposing of the assets of the estate, has not been briefed by any of the parties, so we have no authority cited upon the subject.

There is no question but that a distributee of an estate has sufficient interest in it to intervene under same circumstances. By section 27, Revised Statutes 1939, it is provided that any heir, legatee, creditor or other person interested in an estate may institute proceedings looking to a requirement of the administrator to give additional bond. Section 63 provides that the executor or administrator "or other person interested in any estate" may file an affidavit in the proper court stating that the affiant has good cause to believe that any person has concealed or embezzled, or is otherwise wrongfully withholding any goods," etc., of the deceased. Section 67, Revised Statutes 1939, provides that proceedings, such as mentioned in section 63 may be instituted by any person interested in the estate against the executor or administrator, and on conviction, the court shall compel such executor or administrator to inventory the property and cause the same to be appraised as the property of the estate. A distributee or beneficiary of an estate is such a person as is interested in the estate within the meaning of these sections. [See Ex Parte v. Gfeller, 178 Mo. 248.]

It is unnecessary for us to go into the matter further because undoubtedly the administrator de bonis non of the estate of Martha L. Main, deceased, was entitled to file the motion. [See Section 47, R. S. 1939.] While, it appears that, at the time the motion was filed Kinzea Cox was not the administrator de bonis non of the estate of Martha L. Main, deceased, but only became such upon the death of DeWitt C. Main, who was, at the time the motion was filed, the administrator, yet, the record is sufficient to show that he became a party to the cause before its trial in the probate court. [34 C. J., p. 503.] At the present stage of the proceedings he will be considered as having become a party to the cause as administrator.

100

[Section 974, R. S. 1939; Dixon v. Hunter, 204 Mo. 382; Bank of Oak Ridge v. Duncan, 40 S. W. (2d) 656; Cruchon v. Brown, 57 Mo. 38; Purdy v. Galt, 19 Mo. App. 191.]

However, it is insisted by the appellant that the court erred in directing that the securities "or the reasonable value thereof, together with any and all interest or income therefrom" be forthwith turned over to the estate of Martha L. Main.

In this connection, appellant points out that there was no evidence that the appellant ever had possession of the stocks and that he has had no hearing upon this question. These securities were listed in the inventory filed by DeWitt C. Main, but it recited that they were held by deceased during her lifetime in trust for his benefit, and that they were his property. The securities were turned over to DeWitt C. Main under order of the court made on February 1, 1937. What became of them is not disclosed in the record. However that may be, we think there was no error in the action of the trial court in requiring the estate of DeWitt C. Main to make restitution. [Warren v. Ry. Conductors of Am., 199 Mo. App. 200; 31 Am. Jurisprudence, p. 320; 34 C. J., p. 389.]

The judgment is affirmed. All concur.