Jerry Don **PROCTOR,**
**Plaintiff–Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

Kenneth G. **LINK, Plaintiff–Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

Larry Gene **SNOW,**
**Plaintiff–Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**Nos. 15372, 15373 and 15375.**

Missouri Court of Appeals,
Southern District,
Division One.

May 19, 1988.

Motion for Rehearing or Transfer to Supreme Court Denied
June 10, 1988.

Application to Transfer Denied
July 26, 1988.

Herbert Douglas & Andrew Wood, Neosho, for plaintiffs-respondents in Nos. 15372 & 15373.

No respondent's brief in 15375.

William L. Webster, Atty. Gen., Van M. Pounds, Jatha B. Sadowski, Special Asst. Attys. Gen., Jefferson City, for appellant.

GREENE, Presiding Judge.

These three appeals have been consolidated because of common issues of law and fact. In each case, the Director of Revenue, State of Missouri (Director) is attempting to appeal from the trial court's denial of motions to quash court orders granting limited driving privileges to the three captioned individuals whose driving privileges had been revoked by the Director, following convictions for alcohol-related traffic offenses.

We note a jurisdictional defect in each case which we find dispositive. Even though the issue has not been raised by any of the parties, it is our duty to determine the propriety of the appeals in question. *Matter of Estate of Savage*, 650 S.W. 2d 346, 348 (Mo.App.1983).

In none of the underlying cases was the Director named as a party, or added as a party by order of the trial court. The statute which outlines the procedures for applying for, and receiving, a court order permitting one whose operator's or chauffeur's license has been suspended or revoked to apply for limited hardship driving privileges is § 302.309.3 [1] The statute does not specify that the Director is a party to such proceedings, nor does the statute grant the Director the right to appeal an order granting limited hardship driving privileges. Since the underlying cases are civil in nature, *Gothard v. Spradling*, 561 S.W.2d 448, 449 (Mo.App.1978), any right to appeal is governed by the statutes and rules governing civil appellate procedure, as the right to appeal is purely statutory. *Chura v. Bank of Bourbon*, 674 S.W.2d 675, 677 (Mo.App.1984). Rule 81.01 provides that the right of appeal shall be as is provided by law. Section 512.020 provides that in order to appeal from a final judgment, one must be an aggrieved party. The word "aggrieved," as used in the statute, means " 'suffering from an infringement or denial of legal rights.' " *Farrell v. DeClue*, 382 S.W.2d 462, 466 (Mo.App. 1964). Applying this terminology, we doubt if the Director is "aggrieved" in the strict legal sense of the word. Even if, for the sake of argument, we assume that he is, we find nothing in the record of the three cases showing the Director is, or ever was, a party to the underlying actions which were ex parte applications for limited hardship driving privileges.

For one to be a party to a civil lawsuit, as the term party is used in our statutes and rules, a person must not only have some actual and justiciable interest susceptible of protection, *Hribernik v. Reorganized School District R–3*, 276 S.W.2d 596, 598 (Mo.App.1955), but also must either be named as a party in the original pleadings, or be later added as a party, by appropriate trial court orders, through utilization of court rules and statutes regarding joinder of parties, interpleader, intervention, and other procedures authorized by Rule 52 and Chapter 507 of the Missouri Revised Statutes. The Director evidently recognized his non-status as a party by inserting the following language in each of the three motions to quash:

> Although not named as party to the underlying action, the Director of Revenue seeks to intervene as a real party in interest in the matter because of his duties under Mo.Rev.Stat. Chapter 302, (in Case No. 15372 the phrase "the chapter dealing with driver's licenses" is added here) and his general responsibilities

---

[1] Unless otherwise indicated all references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

for maintaining an orderly system of licensing of Missouri residents who operate motor vehicles on the highways of this state. *See, McIntyre v. David,* 431 S.W.2d 216, 218 (Mo.1968); *Shepherd v. Director [Department] of Revenue,* 377 S.W.2d 525, 526–527 (Mo.App.1964).

Even though the Director raised the party issue in his motions to quash, the prayer portions of his motions did not request that the trial court make him a party for the purpose of contesting the court's orders, and there is nothing in the record to indicate that the trial court ever accorded him party status for any purpose whatsoever. At best, the Director on appeal occupied the status of a self-appointed amicus curiae, with no legal authorization for his subsequent actions. Since the Director was not a party, he has no right to appeal the judgments or orders of the trial court, and we have no jurisdiction to entertain an appeal by the Director from the court orders in question.

The appeals are dismissed for lack of jurisdiction.

CROW, C.J., and HOLSTEIN, J., concur.

---

1. Unless otherwise indicated, all references to statutes are to RSMo, 1986.