**STATE of Missouri, ex rel. MISSOURI STATE HIGHWAY PATROL, Appellant,**

v.

**Curtis D. KLOS, Respondent.**

**No. WD 40963.**

Missouri Court of Appeals, Western District.

Feb. 7, 1989.

William L. Webster, Atty. Gen., Timothy W. Anderson, Asst. Atty. Gen., Jefferson City, for appellant.

Curtis D. Klos, Kansas City, pro se.

Before KENNEDY, C.J., and SHANGLER and GAITAN, JJ.

KENNEDY, Chief Judge.

On April 22, 1988, the Circuit Court of Jackson County in a case entitled *State of Missouri v. Curtis D. Klos*, No. CR 80–2105, entered an order sustaining defendant's "motion to expunge the record" under § 195.290, RSMo 1986, and ordering that "all official records ... including all records of arrest, trial and conviction" be expunged. The order included language which purported to direct it specifically to various agents and officials who maintained such records, including "Howard Hoffman, Superintendent, Missouri State Highway Patrol, 1510 E. Elm, Jefferson City, MO 65101".

The judge's docket sheet in *State v. Klos*, No. CR 80–2105, shows the defendant's conviction on November 19, 1980, of four counts of sale or possession of controlled substances. Defendant was sentenced to seven years' imprisonment on each count, but execution of sentence was suspended and he was placed on probation for five years, "said sentence and probation to run concurrent with each other and with the sentence imposed". Defendant was discharged from probation on January 24, 1985.

The Missouri State Highway Patrol was not a party to the circuit court action, but it undertakes to appeal from the order expunging the records, on the ground that it was a necessary and indispensable party and the failure to join it as a party was error, entitling it to reversal. It further claims that the use in the order of expungement of the terms "all official records ... including all records of arrest, trial and conviction" is overbroad in that it requires the expungement, not only of the conviction records of the case in which it was entered, but also of other conviction records other than the case in which the order was entered. Our disposition of the appeal does not allow us to comment upon

the State Highway Patrol's interpretation of the reach of the order.

We must sua sponte determine whether we have jurisdiction of an appeal. *Proctor v. Director of Revenue*, 753 S.W.2d 69, 70 (Mo.App.1988); *Matter of Estate of Savage*, 650 S.W.2d 346, 348 (Mo.App.1983). We do not have jurisdiction of the present appeal, since the Missouri State Highway Patrol, which is seeking to appeal, was not a party to the case in the lower court. Section 512.020, RSMo 1986; *Proctor*, 753 S.W.2d at 70. In order to be a party, a person "must either be named as a party in the original pleadings, or be later added as a party, by appropriate trial court orders ..." *Proctor*, 753 S.W.2d at 70.

Since the Missouri State Highway Patrol was not a party to the trial court action in which the judgment was entered which it seeks to appeal, we dismiss the appeal for want of jurisdiction.

All concur.