**Norman David ECCARIUS, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. WD 41145.**

Missouri Court of Appeals,
Western District.

Aug. 15, 1989.

William L. Webster, Atty. Gen., Mary Browning, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Barbara Harris Pape, Columbia, for respondent.

Before SHANGLER, P.J., TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Norman David Eccarius filed an application for a hardship driving privilege. The court granted such privilege for a year from September 1, 1988. The Director of Revenue appeals and contends that Eccarius was not entitled to the hardship privilege because he had been twice convicted of driving while intoxicated, as defined by § 577.010.1, RSMo 1986, within five years. Reversed.

Eccarius filed an application for a hardship driving privilege and alleged that his driver's license had been revoked on March 22, 1984, as a result of two DWI convictions within five years. The petition alleged the first conviction was on November 23, 1981, and alleged that five years had expired from that time since the petition

---

**1.** These proceedings are within the former Rule 27.26 because the matter was pending prior to

January 1, 1988.

was filed on June 24, 1988. The petition was accompanied by a certified copy of the driver's record of Eccarius.

The driver's record revealed that Eccarius was convicted of driving while intoxicated on November 23, 1981, and his driver's license was revoked for one year. Eccarius was next convicted for driving while intoxicated on February 28, 1984, and his license was again revoked for one year. In the interim, Eccarius' license had been revoked on February 17, 1983, and again on November 11, 1983, apparently for accumulation of points. All told the record indicates that Eccarius had had his license revoked on four different occasions. In addition, the record indicated a total of seven convictions, including the two DWI charges, between September 18, 1981 and August 8, 1986. In fact two convictions carrying four points each had occurred after the revocation of March 22, 1984.

■ Eccarius took the position that he was entitled to a hardship privilege because he had not been convicted of DWI twice within the immediate preceding five-year period before the application for the hardship was filed.

Section 302.309.3(5)(a), RSMo 1987 Supp., provides:

(5) No person is eligible to receive hardship driving privilege whose license had been suspended or revoked for the following reasons:

(a) Who has been convicted of any felony in the commission of which a motor vehicle was used, or who has been convicted twice within a five-year period of violating the provisions of section 577.010, RSMo.: The director shall not issue a license to such person for five years from the date such person was convicted for violating the provisions of section 577.010, RSMo. Any person who has been denied a hardship driving privilege for violating the provisions of section 577.010, RSMo, prior to September 28, 1987, shall be granted their hardship driving privilege, upon application, unless the two convictions occurred within a five-year period, in which case, no hardship driving privilege shall be granted to the person for five years from the date of the second conviction;

The trial court expressed doubt that the legislature meant to prohibit the granting of a hardship driving privilege to anyone who had been convicted of a DWI twice within a five-year period. In *Hardwick v. Director of Revenue*, 760 S.W.2d 615, 616 (Mo.App.1988), this court stated that the court had no jurisdiction to grant a hardship privilege when there were two DWI convictions within a five year period.

Under the plain language of the first sentence of § 302.309.3(5)(a) a court has no jurisdiction to grant a hardship privilege to any person who has been convicted of a violation of § 577.010, RSMo 1986, twice within a five-year period. The argument that the two convictions must have occurred within five years of the date of the application for the hardship privilege is clearly unsupported by the language of the statute.

■ The trial court also seemed to be concerned that a person could never regain the privilege to drive if there were two DWI convictions within five years. The second sentence of § 302.309.3(5)(a) does not apply to hardship driving privileges but applies to the issuance of a new license. Under that sentence the Director shall not issue a license for five years from the date a person was convicted of violating § 577.010. Reference to § 302.060(10), RSMo 1987 Supp., reveals that the Director is prohibited from issuing a license to any person who has been convicted twice of DWI within a five-year period from the date of the last conviction. Thus, the second sentence means the Director may issue a new license after the expiration of five years from the last conviction when there are two DWI convictions within five years. The second sentence has no application to hardship driving privilege cases.

Section 302.309.3(5)(a) prohibits the granting of a hardship driving privilege to any person who has been convicted of DWI under § 577.010 twice within a five-year period. The only relief such a person may obtain is to apply to the Director for a new

license after the expiration of five years from the last conviction which occurred within five years of another conviction.

The third sentence of § 302.309.3(5)(a) has no application in this case because there was no indication that Eccarius had been denied a hardship driving privilege prior to September 28, 1987.

Under the plain terms of § 302.309.3(5)(a) Eccarius was not entitled to a hardship driving privilege because he had been convicted twice for violating § 577.010 within five years. The court therefore had no jurisdiction to grant the hardship privilege.

The judgment is reversed.

All concur.