**Donald Lee MUNSON, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**Freddie Joe PREWITT, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**Dwight Delno ATHEY, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**Nos. 72043, 72179 and 72189.**

Supreme Court of Missouri,
En Banc.

Feb. 13, 1990.

William L. Webster, Atty. Gen., Sandra A. Mears and Mary Browning, Sp. Asst. Attys. Gen., Missouri Dept. of Revenue, Jefferson City, for appellant.

Harry Lee Stafford, Jr., Hartville, Patrick Eugene Richardson, Green City, and Paul R. Jackson, Kirksville, for respondents.

COVINGTON, Judge.

The circuit courts of Putnam, Adair, and Wright counties granted respondents' applications for hardship driving privilege. After receiving the trial courts' orders, the Director of Revenue appealed. This Court granted transfer of the Munson and Athey cases; in *Prewitt v. Director of Revenue,* a dissenting judge in the Missouri Court of Appeals, Western District, certified the case to this Court on the ground that the opinion of the majority conflicted with existing law as enunciated in *Proctor v. Director of Revenue,* 753 S.W.2d 69 (Mo.App. 1988). The appeals are now consolidated because of common issues of law and fact. The appeals are dismissed.

Respondent Prewitt filed a petition in the Circuit Court of Putnam County for hardship driving privilege following license revocation. Prewitt was convicted of careless and imprudent driving on October 27, 1980, and driving while intoxicated on October 26, 1982, and June 12, 1986. The trial court granted hardship driving privilege on October 25, 1988.

Respondent Athey was granted hardship driving privilege on December 29, 1988, in the Circuit Court of Adair County. Athey was convicted on December 1, 1982, and

November 13, 1985, of driving while intoxicated; on November 4, 1980, of driving with a blood alcohol content in excess of .10 percent; on October 3, 1984, and March 24, 1986, of driving without an operator's license; and on December 15, 1986, of driving under suspension. Further, Athey refused on two occasions to submit to a chemical test to determine the alcohol content of his blood. These incidents resulted in revocation of his driving privilege in Missouri for two one-year periods effective March 27, 1982, and December 14, 1986.

Respondent Munson petitioned for hardship driving privilege on September 8, 1988. Munson was convicted of driving while intoxicated on November 13, 1974; February 16, 1983; November 28, 1984; and January 9, 1986. He was convicted of careless and imprudent driving on March 3, 1983, and of driving without an operator's license on November 28, 1984. The trial court granted Munson's petition.

The question presented is whether the Director of Revenue is authorized to appeal the trial courts' orders.

■ The Director's desire to obtain review of the trial court orders is appropriate. The legislature has conferred upon him in Chapters 302, RSMo Supp.1989,[1] and 303, RSMo 1986, significant authority to represent the public interest in the proper operation of motor vehicles, and each respondent here is prohibited by statute from obtaining hardship driving privilege. Section 302.309.3(5) provides:

> No person is eligible to receive hardship driving privilege whose license has been suspended or revoked for the following reasons:
> (a) Who has been convicted ... twice within a five-year period of violating the provisions of section 577.010, RSMo. The director shall not issue a license to such person for five years from the date such person was convicted for violating the provisions of section 577.010, RSMo....

Section 577.010.1, RSMo 1986, provides:

> A person commits the crime of "driving while intoxicated" if he operates a motor vehicle while in an intoxicated or drugged condition.

(Emphasis original). Drivers convicted of driving while intoxicated twice in five years are ineligible for hardship driving privilege for a period of five years dating from the second conviction. *Eccarius v. Director of Revenue*, 774 S.W.2d 574, 575–76 (Mo.App. 1989). Respondent Prewitt was convicted of driving while intoxicated twice within four years; the later conviction occurred on June 12, 1986. Respondent Athey was convicted of driving while intoxicated twice within three years; the later conviction occurred on November 13, 1985. Respondent Munson was convicted of driving while intoxicated three times in three years; the last conviction occurred on January 9, 1986. All respondents, thereby, fall within a class statutorily prohibited from obtaining hardship driving privileges.

■ The Director's concern with review of the trial court orders in these instances, however, has not been addressed by the legislature. The procedure for granting hardship driving privilege, set forth in § 302.309.3, is without question an *ex parte* proceeding. Upon application accompanied by a copy of the applicant's driving record for the next preceding five years as certified by the Director and proof of financial responsibility, the trial court may grant the hardship driving privilege subject to certain qualifications and prohibitions. § 302.309.3; *Eccarius*, 774 S.W.2d at 575–76.

■ The Director does not dispute that the plain language of § 302.309.3 fails to confer upon him party status. He contends, however, that Chapter 302, read *in pari materia*, compels a finding that he is an indispensable or necessary party to hardship driving proceedings. As evidence of his interest he points to § 302.309.3(4) which requires the clerk of the court that granted the privilege to so notify the director after entry of the order. He reminds that it is he who has the ultimate responsibility for the issuance, suspension,

**1.** All statutory references herein are to RSMo Supp.1989 unless otherwise stated.

and revocation of drivers' licenses. *See Shepherd v. Director of Revenue*, 377 S.W.2d 525, 526 (Mo.App.1964). *See also Robinson v. Director of Revenue*, 762 S.W.2d 872, 874 (Mo.App.1989) (dictum), and *Laiben v. State*, 684 S.W.2d 943, 945 (Mo.App.1985). The Director then reasons that *Rule 52.04* requires his joinder, for he claims an interest related to the subject of the action, and he claims he is so situated that his absence may impair his ability to protect that interest. *Rule 52.04(a)(2)(i)*. The Director contends, in effect, that the legislature contemplated a possibly adversarial proceeding in which the Director represents the state's interests, with authority and responsibility to present evidence which might preclude issuance of an order granting hardship driving privilege.

The plain language of the statute does not support the Director's contention. The earliest time at which the Director is notified of the proceedings is subsequent to the proceedings, when the clerk sends to him a copy of the order granting hardship driving privilege. § 302.309.3(4). The legislature clearly contemplated that the facts of an applicant's driving history should be presented to the court through a copy of the applicant's driving record as certified by the Director. It remains only for the trial court to examine the certified driving record and proceed, subject to the limitations provided by law. In this proceeding, then, the undisputed facts are presented and the law applied. Such a proceeding does not require application of *Rule 52.04*.

The Director suggests that the appearance by the prosecuting attorney in the trial court allows the Director to claim that he is a party. The Director did not seek to obtain party status in the trial court, although the records in the Prewitt and Munson proceedings reflect that a prosecuting attorney was present in each. The record does not reflect whether the prosecuting attorney participated. In any event, an appearance does not confer party status:

> Persons who are not parties of record to a suit have no standing therein which will enable them to take part in or control the proceedings. If they have occasion to ask relief in relation to the matters involved, they must either contrive to obtain the status of parties in the suit or they must institute an independent suit. One who is not a party to the record is not a party to the cause, although he or she may be interested, and in deciding who are parties to the record, the courts will not look beyond the record. Thus, before a person may interpose a defense to an action, it is essential that he make himself a party on the record.

59 Am.Jur.2d *Parties* § 8 (1987). Ordinarily, then, the term "party," when applied to judicial proceedings, means one who is a party in a legal sense and is bound by the proceedings, or an interested litigant, or a person whose name is designated on the record as plaintiff or defendant. *State ex rel. St. Louis Public Serv. Co. v. McMullan*, 297 S.W.2d 431, 436 (Mo. banc 1956).

In spite of impediments, the Director laudably seeks review of the trial courts' orders so as to be able to protect the interests with which he has been entrusted in Chapters 302 and 303, RSMo 1986. The right of appeal, however, is only as provided by law. *Rule 81.01*. "Any *party* to a suit aggrieved by any judgment of the trial court ... may take his appeal to a court having appellate jurisdiction...." § 512.020, RSMo 1986 (emphasis added). "[A] stranger to the record may not file a motion for a new trial or appeal from the judgment." *In re Main's Estate*, 236 Mo. App. 88, 152 S.W.2d 696, 701 (1941), *citing, Ewart v. Peniston*, 233 Mo. 695, 136 S.W. 422, 424 (1911); *see also Proctor v. Director of Revenue*, 753 S.W.2d at 71. "To assert appeal, the appellant must have been a party to a suit and aggrieved by the judgment of the trial court." *Houston v. Zaner*, 683 S.W.2d 277, 282 (Mo.App.1984) (citations omitted). Not being a party, the Director may not appeal.

In sum, the legislature plainly provided for an *ex parte* proceeding and assumed the trial court would correctly apply the law to the facts disclosed by the driving record. The legislature curiously failed to make provisions for review in the circum-

stances in which the trial court fails to do so. While tempted to reach the Director's preferred result and to avoid a holding in which a trial court's error is unreviewable, it is not within the court's province to confer the right to appeal. That must be left to the legislature.

Appeals dismissed.

RENDLEN, HIGGINS and BILLINGS, JJ., and SATZ, Special Judge, concur.

ROBERTSON, J., dissents in separate opinion filed.

BLACKMAR, C.J., dissents in separate opinion filed and concurs in dissenting opinion of ROBERTSON, J.

HOLSTEIN, J., not participating because not a member of the Court when the case was submitted.

ROBERTSON, Judge, dissenting.

I respectfully dissent.

The General Assembly of Missouri has provided that a person loses his driving privilege if he cannot obey laws relating to the operation of motor vehicles. Section 302.304, RSMo Cum.Supp.1989. Recognizing that the loss of the driving privilege may subject a person to serious financial trauma and require the government to provide support by the welfare system if that person cannot find other means of transportation to a place of employment or where the employment requires the person to drive a vehicle, the legislature has established a procedure for obtaining a hardship driving privilege. Section 302.309.3, RSMo Supp.1988.[1] That procedure has no common law antecedent; it is purely statutory. A court is permitted to grant only the relief provided by the statute. A court cannot grant relief either outside the statutory scheme or expressly prohibited by the statute.

The analysis of the majority opinion showing that the legislature unwisely concluded that the application for a hardship driving privilege is an *ex parte* proceeding is correct. Given the statutory scheme, this Court cannot engraft upon the statute a requirement of participation by the Director of Revenue or county prosecutor, no matter how wise or necessary we believe such officials may be to the process. To do so would be to amend the statute; that task is constitutionally left to the legislative branch.

Nevertheless, there remains the question of the Court's jurisdiction. Subject matter jurisdiction is composed of two parts. First, it assumes the power of the court to consider the matter brought before it. Second, it includes the ability of the court to grant the relief requested by the person seeking relief. As to the latter, "if a petition wholly fails to state a cause of action, the defect is jurisdictional." *State ex rel. Fletcher v. Blair*, 352 Mo. 476, 178 S.W.2d 322, 324 (1944). Rule 55.27(g)(2) therefore provides that "[a] defense of failure to state a claim upon which relief can be granted" may be made by motion "on appeal." Such a defense "calls into question the trial court's jurisdiction" and may be raised by this Court *sua sponte*. *Commercial Bank of St. Louis County v. James*, 658 S.W.2d 17, 21 (Mo. banc 1983).

Section 302.309.3 permits courts of general jurisdiction to consider petitions seeking hardship driving privileges. However, Section 302.309.3(5) expressly states:

No person is eligible to receive hardship driving privilege [sic] whose license has been suspended or revoked for the following reasons:

(a) Who ... has been convicted twice within a five-year period of violating the provisions of section 577.010, ...

Section 577.010.1, RSMo 1986, provides: "A person commits the crime of 'driving while intoxicated' if he operates a motor vehicle while in an intoxicated or drugged condition."

As each respondent's petition for a hardship driving privilege shows and as the majority opinion states, each has been con-

---

1. The legislature amended Section 302.309 again in 1989. However, for purposes of the applications for hardship driving privilege filed by these respondents, the 1987 amendments control. The legislature did not amend Section 302.309.3(5)(a) which is at issue in this case.

victed of a violation of Section 577.010 at least twice within five years. Each petition fails to state a claim upon which the court can give relief. Under such circumstances, the trial court is without authority to issue the hardship driving privilege each respondent seeks. The respondent's petitions should be dismissed.

I would reverse the judgment of each trial court and remand each case with directions to dismiss each respondent's petition for a hardship driving privilege. Because the majority merely dismisses the appeals of the Director, thereby permitting the trial court's grant of hardship privileges to stand, despite the trial court's lack of jurisdiction to do so, I dissent.

BLACKMAR, Chief Justice, dissenting.

The principal opinion at least will give the legislature the opportunity to correct the fault the Court finds, by authorizing some functionary to represent the public interest so that there may be correction for blatant disregard of the law by circuit judges.

I do not believe that it is necessary to wait for the legislature. The clear policy of § 302.309.3(5) is to deny hardship privileges to repeat offenders. The several circuit courts have flaunted that policy. The state is aggrieved by these improper orders, and the state, through responsible officials, should be able to seek relief in the appellate courts.

At the very least the director should be allowed to intervene as of right pursuant to Rule 52.04, as soon as he receives notice of the grant of hardship privileges. *See Higgins v. Director of Revenue,* 778 S.W.2d 24 (Mo.App.1989, Holstein, J.) in which the Director intervened and then processed a successful appeal. This is ample foundation for appeal.

We should not apply statements about the standing of private parties to appeal mechanically, so as to deprive the public of means of correction of a manifest wrong. We could, if necessary, treat the appeal as an application for writ of certiorari, or other extraordinary writ, in order to carry out

the policy of the law. *See State ex rel. Danforth v. Lasky,* 498 S.W.2d 535 (Mo. banc 1973). Our superintending control (Mo. Const., art. V, § 4) is designed to prevent lower courts from violating the law's express commands. Contrary to the intimation of the principal opinion, a person does not necessarily have to be a party in order to seek an extraordinary writ, which is an original proceeding. *State ex rel. Eagleton v. Hall,* 389 S.W.2d 798 (Mo. banc 1965).

I would remand the several cases to the trial courts with directions to permit the Director of Revenue to move for leave to intervene, and for further proceedings.