Harry WISE, Respondent,

v.

DIRECTOR OF REVENUE, STATE of MISSOURI, Appellant.

No. 57087.

Missouri Court of Appeals, Eastern District, Division One.

April 3, 1990.

Mary Browning, and Anita F. Stansfield, Jefferson City, for appellant.

Jeffrey R. Weisman, St. Louis, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Director of Revenue, appeals an order of the Circuit Court of St. Louis County approving an application for limited driving privileges. We dismiss.

The evidence reveals that, following an officer's report to the effect that respondent, Harry Wise, was incompetent behind the wheel of a car, the appellant requested respondent to take the road test portion of the driver's examination. Authority for requiring respondent to submit to the retesting is provided by RSMo § 302.291 (1986).

Respondent failed to pass the road test and on January 4, 1989, appellant notified respondent that his driver's license would be revoked for one year effective January 29, 1989. Respondent filed a petition for review of the revocation of driving privileges and an application for stay order on January 17, 1989, in the Circuit Court of St. Louis County. The stay order was granted on January 17, 1989. On May 2, 1989, respondent filed his amended petition and for the first time requested limited driving privileges. On January 26, 1989, the court upheld the suspension of respondent's driving privileges but sustained his petition for limited driving privileges and dissolved the stay order.

Appellant appeals from the order granting respondent limited driving privileges, arguing that the court had no authority to do so under RSMo § 302.309 (1986).[1] However, our disposition of this appeal does not allow us to consider the merits of appellant's claim.

Even though the propriety of our jurisdiction on appeal has not been addressed by either party (indeed, respondent has chosen not to file a brief in response to appellant's claims), it is our duty to determine whether we have jurisdiction sua sponte. *Wentzville Public School District v. Paulson*, 699 S.W.2d 132, 133 (Mo.App., E.D.1985). The right of any party to appeal is only as provided by law. Rule 81.01; *Munson v. Director of Revenue*, 783 S.W.2d 912 at 915 (Mo. banc 1990). Missouri Revised Statutes § 512.020 (1986) provides, inter alia, that "[a]ny party to a suit aggrieved by any judgment of the trial court ... may take his appeal to a court having appellate jurisdiction ..." In order to be a party, a person must be originally named in the pleadings or be added later as a party by appropriate court order. *State ex rel. Missouri Highway Patrol v. Klos*, 764 S.W.2d 520, 521 (Mo.App., W.D.1989).

In the present case, respondent's petition for limited, or hardship, driving privileges was properly filed pursuant to RSMo § 302.309 (1986). This statute provides a procedure for granting hardship privileges which is "without question an *ex parte* proceeding." *Munson*, at 914. The Director of Revenue was not a party to this particular proceeding and, as such, was not entitled to appeal from it.

The Southern District was presented with nearly identical facts in *Proctor v. Director of Revenue*, 753 S.W.2d 69 (Mo. App., S.D.1988). The Southern District, sua sponte, dismissed the Director's appeal and held that, since the Director was not a party to the proceedings in the lower court, the appeals court had no jurisdiction to entertain the appeal. *Id.* at 71.

Likewise, the Supreme Court of Missouri, in a very recent opinion, held that the

---

1. This statute provides that a hardship driving privilege cannot be granted to a person who has failed to pass an examination when required by law to take one.

Director of Revenue may not appeal from a trial court's grant of limited driving privileges under RSMo § 302.309. *Munson*, at 915. The *Munson* court recognized that this may render an erroneous trial court decision unreviewable, yet stated that it was powerless to confer such a right to appeal. *Id.*

In *Koeller v. Director of Revenue*, 782 S.W.2d 652 at 653 (Mo.App., E.D.1989), this court dismissed an appeal by the Director of Revenue who sought review of the trial court's grant of hardship privileges. *Id.*, at 653. In holding that the appellate court lacked jurisdiction, our court pointed out that the Director should logically be a party to such actions under RSMo § 302.309, but the Director's participation in (and right to appeal from) proceedings under this statute are for the legislature to determine. *Id.*

These cases are dispositive of the instant action. Since the Director of Revenue was not a party to the trial court's order from which he appeals, we must dismiss this appeal for lack of jurisdiction.

REINHARD and CRIST, JJ., concur.