**Rickie Eugene JINES, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

No. 57277.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 9, 1990.

Sandra Ann Mears, Government Counsel, Jefferson City, for appellant.

Rickie Eugene Jines, St. Charles, parting acting pro se.

DOWD, Presiding Judge.

Appellant, Director of Revenue for the State of Missouri, appeals from a final order of the circuit court amending an earlier order which granted hardship driving privileges to respondent, Rickie Eugene Jines, pursuant to Section 302.309.3, RSMo. (Supp.1988). We dismiss.

Respondent was granted three hardship driving privileges between March 30, 1988 and July 10, 1989. On August 4, 1989, appellant filed a motion to intervene and a motion to set aside the order. The motions were set for hearing, and on August 21, 1989, the docket sheet indicates that the motion to dismiss was overruled. Since a motion to dismiss was never filed, we assume that the circuit court was referring to the motion to set aside the order when it overruled the motion to dismiss. However, the record does not indicate whether or not the motion to intervene was granted. Absent such indications, we must assume that the circuit court did not accord the Director of Revenue party status. The Director of Revenue now attempts to appeal the circuit court's order granting Jines a hardship driving privilege on July 10, 1989 on the ground that the court acted beyond its authority under Section 302.309.3(5)(d), RSMo (Supp.1988), for the reason that Jines had received hardship driving privileges twice in the preceding five years, thereby rendering him ineligible for the privilege.

■ It is our duty to determine sua sponte whether this court has jurisdiction of the appeal, even though the issue has not been raised by either party. *Wentzville Public School District v. Paulson*, 699 S.W.2d 132, 133 (Mo.App.1985). The Director of Revenue was not a party to the case in the circuit court, nor added as a party by order of the circuit court. In order to be a party, a person "must either be named as a party in the original pleadings, or be later added as a party by appropriate trial court orders." *Proctor v. Director of Revenue*, 753 S.W.2d 69, 70 (Mo. App.1988). The Supreme Court of Missouri, in a recent opinion, held that the Director of Revenue, not being a party, may not appeal from a trial court's grant of limited driving privileges under Section 302.309.3. *Munson v. Director of Revenue*, 783 S.W.2d 912, 915 (Mo.1990). The *Munson* court recognized that this may render an erroneous trial court decision unreviewable, yet stated that it was not within the court's province to confer the right to appeal. *Id.*

Since the Director of Revenue was not a party to the circuit court action, he has no right to appeal the court's order, and we must dismiss the appeal for lack of jurisdic-

tion.[1]

SIMON, C.J., and JOSEPH J. SIMEONE, Senior Judge, concur.

1. We note that if the circuit court had expressly denied appellant's motion to intervene, appellant may have been able to obtain relief by filing a writ of mandamus with this Court. Mandamus is a proper remedy to afford relief to a person who has wrongfully been denied an application to intervene. *State v. Jones*, 389 S.W.2d 854, 861 (Mo.App.1965). However, appellant did not seek relief in this manner.