**STATE of Missouri, Plaintiff,**

v.

**Carl E. JOHNSON, Defendant.**

No. 61902.

Missouri Court of Appeals, Eastern District, Division One.

June 15, 1993.

Renee D. Hardin, Asst. County Counselor, Clayton, for plaintiff.

Irl B. Baris, St. Louis, for defendant.

REINHARD, Judge.

St. Louis County appeals from the order of the trial court setting aside the court's prior declaration of forfeiture of defendant's bond and reduction of that forfeiture to judgment. We find that St. Louis County was not a party in the lower court action and is without standing to appeal. Appeal dismissed.

On September 14, 1989, the State filed a complaint in St. Louis County Circuit Court

charging defendant with first degree robbery, § 569.020, RSMo 1986, and armed criminal action, § 571.015, RSMo 1986. Defendant was subsequently arraigned on May 14, 1990; on May 24, 1990, defendant was "ordered released upon payment of cash in the amount of $10,000 (being 10% of $100,000)." Defendant was released when cash bond in that amount was received by the court on June 13, 1990, from "[defendant] as principal, and self[,] as cash depositor[,] as surety...." The terms of the bond agreement specified that defendant was to appear in court again on June 20, 1990. Defendant failed to appear in court on that date and the case was continued until July 18. Defendant was also absent at that hearing, and the court issued a warrant for his arrest and ordered forfeiture of his bond.[1]

On July 20, 1990, the State filed a motion requesting reduction of the bond forfeiture to judgment. The court sustained the motion and ordered the forfeiture reduced to judgment on August 20, 1990. Defendant did not appear at this hearing. The court further ordered that the amount of the forfeiture be paid to the St. Louis County School Fund, pursuant to Mo. Const. art IX, § 7.[2] Defendant was subsequently arrested, tried, and convicted on the charges; he was sentenced to concurrent terms of fourteen years' imprisonment and is currently incarcerated in the Missouri Department of Corrections.

On August 19, 1991, Leona Crapo and Shirley Johnson filed a motion, pursuant to Rule 74.05(c), seeking to have the judgment of bond forfeiture set aside.[3] They asserted that Leona Crapo and her late husband, Leroy, had provided the money for defendant's bond and that neither they nor defendant had been notified of the forfeiture proceedings. They further asserted that

"[t]o the extent that defendant ... had or now has an interest in the funds which were forfeited and which are being sought by this motion, he has assigned all of his right, title and interest in said funds to Leroy L. Crapo, Leona Crapo and Shirley Johnson...."

Crapo and Johnson further averred that "justice does not require the enforcement of the forfeiture", and asked the court to set aside the judgment of bond forfeiture and return the money to them.[4] They offered a memorandum of law in support of their motion; the State filed a response to that memorandum and requested an evidentiary hearing and findings of fact and conclusions of law.

A hearing was held on March 20, 1992; separate counsel for the State and St. Louis County appeared and participated. On March 30, 1992, the court ordered the forfeiture and judgment set aside.

St. Louis County subsequently filed this appeal, asserting that the trial court's order constituted an abuse of discretion warranting reversal. In their brief, Crapo and Johnson contend that we are without jurisdiction to entertain this appeal because St. Louis County was not a party to the case in the lower court. We agree.

The action in this case was instituted by the filing, on September 14, 1989, of a criminal complaint charging defendant with two crimes. This complaint was denominated "State of Missouri v. Carl E. Johnson", and was filed in St. Louis County Circuit Court. Following defendant's arrest, bond proceedings were begun; the cash bond amount was fixed at $10,000 in the court's order of May 24, 1990. This order is contained in a document titled "Bond Memo" which was signed by the judge and captioned "State of Mo. vs. Num-

---

1. The record on appeal does not contain the motion seeking forfeiture or indicate whether one was filed.

2. That section states, in pertinent part:
   All interest accruing from investment of the county school fund, the clear proceeds of all penalties, forfeitures and fines collected hereafter for any breach of the penal laws of the state, the net proceeds from the sale of estrays, and all other moneys coming into said funds shall be distributed annually to the schools of the several counties according to law.
   Mo. Const. art. IX, § 7. *See also* § 166.131, RSMo Supp.1988.

3. Shirley Johnson is defendant's ex-wife; Leona Crapo is her mother.

4. The record on appeal reflects that service of this petition was made only upon the prosecuting attorney.

ber 21F89–3776 Carl E. Johnson". On June 13, 1990, the cash bond was paid and recorded in a similarly styled document.

Our constitution requires "as a matter of policy that the enforcement of such a forfeiture be left in the hands of the prosecuting attorney of the county to which the benefit flows." *State v. Street*, 510 S.W.2d 225, 229 (Mo.App.1974). Bond forfeiture proceedings are by nature civil actions. *State v. Gross*, 306 Mo. 1, 275 S.W. 769 (banc 1924). As such, any right to appeal is purely statutory and governed by the statutes and rules governing civil appellate procedure. *Proctor v. Director of Revenue*, 753 S.W.2d 69, 70 (Mo.App. 1988).

Rule 81.01 provides that "[t]he right of appeal shall be as provided by law." Section 512.020, RSMo 1986, provides that "[a]ny party to a suit aggrieved by any judgment of any trial court in any civil cause ... may take his appeal to a court having appellate jurisdiction...."

For one to be a party to a civil lawsuit, as the term party is used in our statutes and rules, a person must not only have some actual and justiciable interest susceptible of protection, but also must either be named as a party in the original pleadings, or be later added as a party, by appropriate trial court orders, through utilization of court rules and statutes regarding joinder of parties, interpleader, intervention, and other procedures authorized by Rule 52 and Chapter 507 of the Missouri Revised Statutes. *Proctor*, 753 S.W.2d at 70 (citation omitted).

St. Louis County did not file a reply brief addressing its standing to appeal, and admitted in oral argument that it had not sought to intervene. We find no notation of it having been made a party to this action. The county was not listed as a party in the "original pleadings";[5] there is no indication that it was added as a party pursuant to "appropriate court orders", as required under our rules of civil procedure.[6] Absent such indications, we must assume that the circuit court did not accord the county party status. *See Jines v. Director of Revenue*, 788 S.W.2d 801, 802 (Mo.App.1990).

Although the State filed a memorandum of law in opposition to the motion to set aside the judgment, it did not file a notice of appeal seeking review of the trial court's order. Consequently, because we are confronted with an appeal by an entity not properly made a party in the lower court, we must dismiss this appeal for lack of jurisdiction.

AHRENS, P.J., and CRIST, J., concur.

---

5. We note that "State of Missouri/St. Louis County" was denominated as plaintiff in five documents included in the trial court's legal file: 1) a memorandum of arraignment and setting of the case on the call docket, dated May 14, 1990; 2) a memorandum ordering the case's continuance, dated June 20, 1990; 3) the order of bond forfeiture and issuance of a warrant for defendant's arrest, dated July 18, 1990; 4) a document titled "State's Motion to Reduce Default/Bond Forfeiture to Judgment and Notice to Take Up Motion Arrest Warrant Order and Bond", dated July 20, 1990; and 5) the trial court's order reducing the bond forfeiture to judgment, dated August 20, 1990.

These documents appear to be forms generated for use by either the prosecuting attorney or the county counselor. However, these documents, with the exception of the "State's Motion", which the county admits was filed by the State, were not signed by counsel.

6. The initial document which indicates participation by the county in these proceedings is a memo, dated January 10, 1992, and captioned "State of Mo., Plaintiff, vs. Carl Johnson, Defendant", which was signed by the trial judge, the assistant prosecuting attorney, the assistant county counselor, and respondents' counsel. This document indicates that a pre-trial conference was held on that date and states, "Asst. Pros. Attorney ... appears for State; Asst. County Counselor ... for St. Louis County." However, the court minutes reflect that the assistant county counselor entered her appearance "for State of Missouri". The county subsequently presented evidence and examined witnesses at the hearing on the motion to set aside, held March 20, 1992. In oral argument, the county predicated its claim of standing to appeal on this action. However, such appearance and participation does not confer party status. *Scott v. Director of Revenue*, 849 S.W.2d 713 (Mo.App. E.D.1993).