STATE ex rel. John C. DANFORTH, Attorney General, and James R. Spradling, Director of Revenue, State of Missouri, Relators,

v.

Honorable Herbert LASKY, Judge, and Raymond V. Clifford, Clerk, Circuit Court of St. Louis County, Division No. 4, State of Missouri, Respondents.

No. 58247.

Supreme Court of Missouri,
En Banc.

Sept. 10, 1973.

Daniel P. Reardon, Jr., St. Louis, for respondent.

John C. Danforth, Atty. Gen., Mark D. Mittleman, Asst. Atty. Gen., Jefferson City, for relator.

MORGAN, Judge.

In this original proceeding, relator invoked our writ of certiorari in an effort to quash an order of respondent which granted a "hardship driving privilege" to one Mitchell Millstone. We find relator to be entitled to the relief sought.

From the petition and return to the writ filed in this court, it is apparent that there is no dispute as to the facts nor as to what the record reflects.

During the month of August, 1971, certain officers of the St. Louis County Police Department had observed Mitchell Millstone, hereinafter referred to as the driver, operate a motor vehicle in what was considered to be a negligent manner. After interrogation, it was concluded that the driver's age and lack of mental awareness made him a proper subject for re-testing in connection with his operator's license. Such information passed through channels and was forwarded to the Department of Revenue; whereupon, the Supervisor of the Driver's License Unit of the department notified the driver of the requirement that he take the physical examination and the driver examination as prescribed by § 302.173, RSMo 1969, V.A.M.S., within thirty days from receipt of the letter of notification. Authority for giving such notice is in § 302.291, which provides that: "The director, having good cause to believe that an operator, or chauffeur, is incompetent or unqualified to retain his license, after giving ten days' notice to such person in writing by registered mail directed to his present known address, may require him to submit to the examination provided by section 302.173. Upon conclusion of the examination the director may

allow the licensee to retain his license, may suspend or revoke the license of the licensee, or may issue to the examinee a license subject to restrictions as provided in section 302.301. The refusal or neglect of the operator or chauffeur to submit to such examination shall be ground for suspension or revocation of his license by the director, a magistrate or circuit court."

The driver failed to comply with the directive as issued, but instead, filed before respondent an application for a "hardship driving privilege" as provided in § 302.309. A portion of the testimony given at the hearing thereon is of interest. The driver testified:

"Q. As a matter of fact it was because they wanted you to take a test?

A. Test, that's right.

Q. And you were afraid to take that test?

A. That's right."

Nevertheless, the now challenged order was entered authorizing the driver to operate a motor vehicle "seven (7) days per week from 7:00 a m to 11:00 p m."

Based on the record, respondent exceeded his jurisdiction in so doing. State ex rel. Kennedy v. Remmers, 340 Mo. 126, 101 S.W.2d 70, 72 (1936). Granting of the hardship driving privilege in this instance was in direct violation of the statutory prohibitions against the same. See Williams v. Schaffner, 477 S.W.2d 55 (Mo. banc 1972).

§ 302.309 provides, in part, that: "(5) No person is eligible to receive hardship driving privilege whose license has been suspended or revoked for the following reasons: * * * (b) Who at the time he applies for such hardship driving privilege would not be eligible for a chauffeur's or operator's license because of the provisions of subdivisions . . . (6) . . . of section 302.060." The latter subdivision (No. 6) provides that a license shall not issue: "To any person, either as a chauffeur

or as an operator, who, when required by this law to take an examination, has failed to pass said examination." By refusing to take the same, the driver, as yet, "has failed to pass said examination" as required by the statute noted.

There was a further prohibition against granting such privilege to the driver. § 302.309(3) provides, in part, that: "Any application by an operator for a hardship driving privilege shall also be accompanied by proof of financial responsibility as required by chapter 303, RSMo." The application herein was deficient in this respect.

On the basis of the foregoing, the cause should be remanded with directions to respondent (the trial court) to quash the order granting a hardship driving privilege to the driver, Mitchell Millstone.

It is so ordered.

All concur.