John Martin McKOWN, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. WD 50525.

Missouri Court of Appeals, Western District.

Oct. 24, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Jane Barkley, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Independence, for appellant.

Robert G. Harrison, Liberty, for respondent.

Before SPINDEN, P.J., and BRECKENRIDGE and SMART, JJ.

SPINDEN, Presiding Judge.

After John Martin McKown was arrested for driving while intoxicated, the director of the Department of Revenue suspended his driver's license pursuant to §§ 302.500 to 302.541, RSMo 1994. McKown sought a trial *de novo* in the circuit court of Clay County. The parties asked the circuit court to resolve only one issue: whether police observed McKown long enough before administering a breath test. The circuit court concluded that police had not and set aside the director's suspension of McKown's license.

The director contends that the circuit court's judgment for McKown was wrong because she laid a sufficient foundation for the breath test by proving police compliance with Department of Health regulations. We agree and reverse the circuit court's judgment.

Section 577.037.4, RSMo 1994, requires the director to establish that the breath test was performed "in accordance with methods and standards approved by the state department of health." The Department of Health has promulgated a regulation, 19 CSR 20–30.060, setting out procedures for operators of the Intoxilyzer 5000 (the instrument used in this case). The first step says, "Subject observed for at least 15 minutes[.] No smoking or oral intake of any material during this time; if vomiting occurs, start over with 15 minute observation period."

The parties stipulated at trial that the only issue before the circuit court was whether or not the arresting officer, who also performed the breath test, had observed McKown for at least 15 minutes before administering the breath test. The arresting officer testified that he observed McKown from 2:00 A.M. (when he stopped McKown) until 2:16 A.M. (when he administered the breath test). The officer said that he searched and handcuffed McKown when he arrested him and that McKown remained handcuffed until he took the breath test. The officer said that McKown did not smoke, drink or take anything in his mouth in the interim.

On cross-examination, the officer admitted that he did not look directly at McKown for the entire 15 minutes. He said that he did not watch McKown for "a moment" when he was putting information into a computer. He also acknowledged that McKown was only in his peripheral vision while he adjusted the breathalyzer machine.

■ "The only purpose of the rule [requiring a 15–minute observation period] is to assure that [the suspect has not smoked a cigarette or placed anything in his mouth or vomited]. When the record demonstrates that assurance then the purpose of the rule has been fulfilled." *State v. Wyssman*, 696 S.W.2d 846, 848 (Mo.App.1985).

The record in this case demonstrates that McKown was observed during the 15 minutes before the test and that nothing mentioned in the rule occurred to cause the result of the test to be flawed. McKown had been searched. He was handcuffed during the observation period, including the "moment" the officer's back was turned to him.

Because the rule's purpose was fulfilled, we reverse and remand with directions for the circuit court to enter judgment consistent with this opinion.

All concur.