**Everett Lee HOLLEY, Jr. Petitioner–Respondent,**

v.

**Janette LOHMAN, Director of Revenue, Respondent–Appellant.**

**No. 22051.**

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 15, 1998.

---

1. All statutory references are to RSMo 1994.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Fred H. Thornton, III, Drumm & Thornton, Sikeston, for respondent.

PREWITT, Presiding Judge.

The parties will be referred to as was their status in the trial court. Petitioner sought a trial de novo following the suspension of his driver's license for operating a motor vehicle with a blood-alcohol content of .10 of one percent or more. Petitioner had earlier sought an administrative hearing regarding the suspension, which hearing was decided adverse to him. Following trial in the circuit court, judgment was entered ordering Respondent to rescind the suspension and reinstate Petitioner's driving privileges. Respondent appeals.

Review is under Rule 73.01. Also applicable here is the following statement in *Renfro v. Director of Revenue,* 927 S.W.2d 945, 948 (Mo.App.1996):

> Deference to the trial court's findings is not required when the evidence is uncontroverted and the case is virtually one of admitting the facts or when the evidence is not in conflict.

Here, there was no conflict in the evidence regarding the essential facts. Suspension of driving privileges requires: (1)

that the driver was arrested upon probable cause of driving in violation of an alcohol-related offense; and (2) the blood-alcohol content of the driver was at least .10 percent by weight. *Kienzle v. Director of Revenue,* 944 S.W.2d 326, 327 (Mo.App.1997). Both of these elements were established.

■ Petitioner contends that there was no evidence justifying the arrest, but in fact focuses on the initial stop. Lawfulness of or probable cause for the initial stop is not an issue when reviewing the administrative revocation of a driver's license. *Kienzle,* 944 S.W.2d at 328. Here, it appears undisputed that after the initial stop, there was probable cause to arrest Petitioner. When proof is unequivocal and undenied in such a matter, it is not necessary to defer to the trial court on credibility. *See Reinert v. Director of Revenue,* 894 S.W.2d 162, 164 (Mo.banc 1995); *Tidwell v. Director of Revenue,* 931 S.W.2d 488, 491 (Mo.App.1996). Petitioner admitted drinking "probably four or five beers." The officer's testimony and the results of a breathalyzer test support the arrest.

■■ Petitioner also contends that there was a failure to observe him for fifteen minutes before administering a breathalyzer test. The evidence appeared to show that he was sufficiently observed for that period. Nevertheless, even if he was not always observed for fifteen minutes, he testified that he did not place anything in his mouth and there was no indication that he vomited. The purpose of the rule requiring a fifteen-minute observation period prior to a breathalyzer test is to assure that the party being tested has not smoked, placed anything in his mouth, or vomited; and when the record shows that this occurred, the purpose of the rule is fulfilled. *McKown v. Director of Revenue,* 908 S.W.2d 178, 179 (Mo.App.1995); *State v. Wyssman,* 696 S.W.2d 846, 847–48 (Mo.App.1985).

■ Lastly, Petitioner asserts that the result of the breathalyzer test should not be considered because "the Director of Revenue failed to prove any evidence that the solution used to calibrate the breathalyzer machine had been certified." Respondent asserts that a stipulation was made regarding the maintenance of the machine, which would prohibit this contention. The record reflects a stipulation, and even if this contention is not prohibited by the stipulation, it was one not raised at trial and therefore is not to be considered here. An appellate court should not review an issue not before the trial court. *Kennedy v. Milligan,* 915 S.W.2d 784, 789 (Mo.App.1996). We do not do so here.

The judgment is reversed and the case remanded to the trial court with directions to enter judgment denying the request sought in the petition and to enter judgment sustaining the suspension of Petitioner's driving privileges.

CROW and PARRISH, JJ., concur.