**John M. MIDDLETON,**
**Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, STATE**
**OF MISSOURI, Respondent/Appellant.**

No. 74141.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 11, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for Respondent/Appellant.

John M. Middleton, Greenwood, pro se.

Before PAUL J. SIMON, P.J., KATHIANNE KNAUP CRANE, J., and LAWRENCE E. MOONEY, J.

PER CURIAM.

The Director of Revenue (Director) appeals from the trial court's judgment reinstating driving privileges after a trial de novo. We reverse and remand.

Petitioner was arrested for driving while intoxicated and Director suspended his driving privileges pursuant to Section 302.505.1 RSMo (Cum.Supp.1998). Petitioner petitioned for administrative review of Director's decision. After his suspension was upheld in the administrative hearing, petitioner filed a petition for trial de novo pursuant to Section 302.535.1 RSMo (Cum.Supp.1998).

Trial on the petition was held on February 18, 1998. At the trial de novo, Officer Kelly Russ testified that he stopped the vehicle petitioner was driving after he saw it dragging a construction barrel down the road. While talking with petitioner, Officer Russ noticed a strong odor of alcoholic beverage on petitioner's breath and that his eyes were glassy. Petitioner admitted he had been drinking. Petitioner agreed to take field sobriety tests, but failed each test. Officer Russ placed him under arrest and transported him to the police department where he consented to a breathalyzer test. Officer Russ testified, without objection, that the results of the breath test indicated petitioner had a blood alcohol content (BAC) of .194 percent.

When Director offered several exhibits, including certified copies of the maintenance report and certificate of analysis,

petitioner objected that the records contained hearsay and were not the best evidence. Although not initially raised by petitioner, the court excluded the records on the basis that the certificate of analysis did not comply with the Department of Health regulations. The court issued a judgment finding petitioner was arrested upon probable cause to believe he was driving while intoxicated. However, the court did not find petitioner's BAC was .10 percent or more while he was driving. The court reinstated petitioner's driving privileges.

For her first point, Director contends that the trial court erred in reinstating the driving privileges of petitioner because the evidence showed petitioner's BAC was .194 percent, which exceeded the statutory minimum.

■ Our review of this case is controlled by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We must affirm the trial court's decision unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32.

■ To establish a prima facie case at trial, Director has the burden of proving by a preponderance of the evidence that the arresting officer had probable cause to arrest petitioner for driving while intoxicated and petitioner's BAC was .10 percent or more. *Green v. Director of Revenue*, 961 S.W.2d 936, 938 (Mo.App.1998). The issue in this case is whether Director met her burden of proving petitioner's BAC was .10 percent or more.

■ Director argues there was proof that petitioner's BAC was more than .10 percent.[1] She points to the testimony of Officer Russ that petitioner's BAC was .194 percent, to which petitioner offered no objection. We agree. When a breathalyzer test is the method used to show the BAC, Director usually has to meet all

foundational prerequisites to its admission. One of the foundational prerequisites for the admission of breath test results is proof the machine has been properly maintained. *Reed v. Director of Revenue*, 834 S.W.2d 834, 837 (Mo.App.1992). At the time of trial, 19 CSR 25–30.051 provided guidelines for standard simulator solutions to be used in maintaining and calibrating breathalyzers.

■ However, proof of such foundational requirements is unnecessary where the breath test result is admitted in evidence without objection. *Reinert v. Director of Revenue*, 894 S.W.2d 162, 164 (Mo. banc 1995); *Sellenriek v. Director of Revenue*, 826 S.W.2d 338, 339–41 (Mo. banc 1992); *see also, Jurgiel v. Director of Revenue*, 937 S.W.2d 397, 399 (Mo.App.1997); *Reed*, 834 S.W.2d at 837. Therefore, proof of compliance with 19 CSR 25–30.051 only becomes an issue if a proper, timely objection is made to the admission of the breath test results. Although petitioner objected to the admission of the maintenance report and certificate of analysis, he never objected when Officer Russ testified that his BAC was .194 percent. As a consequence, the test results were received into evidence and proof of compliance with regulation 19 CSR 25–30.051 was not required.

■ Director met her burden of proof by presenting evidence that showed petitioner's BAC was .10 percent or more. Petitioner offered no evidence contesting or rebutting this evidence, failing to adduce any evidence that his BAC was below .10 percent. Accordingly, there is no evidence to support the trial court's conclusion that petitioner's BAC was not .10 percent or more and the trial court's judgment is against the weight of the evidence.

Based on our decision in Point I, we need not address Director's second point on appeal regarding the admissibility of

---

1. We note that petitioner has filed no brief responding to Director's appeal. Therefore, we adjudicate this appeal without the benefit of whatever argument, if any, petitioner may have made to it.

the maintenance report and certificate of analysis.

The judgment of the trial court is reversed and remanded for the trial court to enter a judgment reinstating petitioner's suspension.