**Mark J. ERWIN, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. ED 75606.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 14, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Evan J. Buchheim, Asst. Atty. Gen., St. Louis, for appellant.

David J. Roth, II, Lowes & Drusch, Cape Girardeau, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Director of Revenue, ("Director") appeals from the judgment reinstating the driving privileges of respondent, Mark J. Erwin, ("driver"). We reverse and remand.

On September 29, 1997, a Missouri Highway Patrol trooper, ("trooper"), stopped driver's vehicle for speeding. Trooper smelled an odor of intoxicants coming from driver's breath and noticed that driver's eyes were bloodshot and glassy. Driver's balance was unsure and his speech was slurred. Trooper asked driver to perform several sobriety tests and the driver performed poorly on the tests.

Trooper arrested driver for driving while intoxicated and took driver to the police station, where driver consented to take a breath test. The test result revealed that driver had a blood alcoholic concentration,("BAC"), of .140 percent. Director suspended driver's driving privileges pursuant to section 302.505, RSMo (Supp., 1997).

Driver filed a petition for a trial de novo. During trial, Director offered testimony of trooper and the Department of Revenue records relating to driver's arrest. Trooper testified driver's BAC was .140 percent. Driver did not object to this testimony. Rather, driver objected to the introduction of Director's maintenance records into evidence because the certificate of analysis did not comply with 19 CSR 25–30.051. The trial court entered judgment for driver. The court reasoned the certificate of analysis did not comply with a previous version of 19 CSR 25–30.051, which had been amended by the time of the trial de novo. Director appeals.[1]

On appeal, Director contends the trial court erred in setting aside driver's suspension because it misinterpreted and misapplied the law, and as a result, its decision is against the weight of the evidence in that the trooper had probable cause to arrest driver for driving while intoxicated and driver's BAC exceeded .10 percent.

■ The court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

■ To establish a prima facie case at the trial de novo, Director has the burden to show by a preponderance of the evidence that: (1) the arresting officer had probable cause to arrest driver for driving while intoxicated; and (2) that driver's BAC was at least .10 percent or more at the time of his arrest. *Middleton v. Director of Revenue*, 991 S.W.2d 187, 189 (Mo.App. E.D.1999). The first burden is not at issue in this case, rather the issue is the second burden which requires the Director to prove that driver had a BAC of .10 percent or more.

Director argues there was proof that driver's BAC was at least .10 percent because trooper testified to the result of driver's breath test, which revealed that driver had a BAC of .140 percent, without objection from driver. We agree.

■ Proof of the foundational requirements for admission of a breath test result is unnecessary where the breath test result is admitted into evidence without objection. *Middleton*, 991 S.W.2d at 189. In *Middleton*, a driver filed an action for a de novo review of administrative suspension of his driving privileges for driving while intoxicated. *Id.* at 188. During trial, the arresting officer, testified without objection, that the result of the driver's breath test indicated driver had a BAC of .194 percent. *Id.* However, driver objected to the introduction of Director's maintenance record into evidence. *Id.* at 188–89. The trial court entered judgment for driver

---

1. We note that driver had filed no brief responding to Director's appeal and therefore, we are without the benefit of driver's arguments, if any.

reinstating driver's driving privileges. *Id.* at 189. On appeal, this Court reversed and remanded, stating that proof of foundational requirement of the result of the breath test is unnecessary where the breath test result is admitted into evidence without objection. *Id.*

Similarly, in the case at bar, driver's breath test result was admitted into evidence without objection. The result indicated driver had a BAC of .140 percent. The record supports that Director adduced enough evidence to prove that driver's BAC was at least .10 percent. Thus, we find that the trial court erred in ordering the Director to reinstate driver's driving privileges.

Reversed and remanded for the trial court to enter a judgment reinstating the suspension of driver's driving privileges.

PAUL J. SIMON, J., and JAMES R. DOWD, J., concur.