Marilyn Groves HANSEN, Appellant,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent.**

No. ED 76423.

Missouri Court of Appeals,
Eastern District,
Division One.

July 25, 2000.

Curl F. Kohnen, Florissant, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for respondent.

## OPINION

JAMES R. DOWD, Judge.

Marilyn Groves Hansen (hereinafter "Hansen") appeals from an order and judgment in the St. Louis County Circuit Court sustaining the decision of the Director of Revenue (hereinafter "the Director") to suspend her driving privileges for driving while intoxicated. We affirm the judgment of the trial court.

### FACTS & PROCEDURAL BACKGROUND

*Administration of the breath analysis test*

On December 15, 1998, Officer Mike Monticelli arrested Hansen for driving

while intoxicated. While at the police station, Officer Monticelli administered a breath analysis test to Hansen in compliance with the Department of Health (hereinafter "Department") Regulations. Pursuant to Regulation 19 CSR 25–30, Officer Monticelli observed Hansen for at least fifteen minutes before administering the test. Officer Monticelli testified that Hansen did not smoke, vomit, or orally intake anything during this observation period. The results were deemed invalid because Hansen leaned on the testing machine and pulled the mouthpiece out of the tube.

Officer Monticelli administered a second test approximately six minutes after the first test. He testified that while preparing the breathalyzer for the second test he did not directly observe Hansen. Officer Monticelli and Hansen remained in the same room during this period, and no one else entered the room. According to the second test, Hansen's blood alcohol content (BAC) exceeded the legal limit. The results of the second test formed the basis for the suspension of Hansen's driving privileges.

*Department Regulations governing breath analysis*

Department Regulation 19 CSR 25–30.011(5) states that "breath analyzers shall be operated strictly in accordance with the procedures set forth in 19 CSR 25–30.060." To determine blood alcohol levels, 25–30.011(5)(A) requires an operator administering a breath analysis test to complete an operational checklist and certification section on forms that correspond to the type of testing machine employed. Regardless of the type of machine, under 19 CSR 25–30.060, the initial step in each checklist states that the subject must be observed for at least fifteen minutes prior to the test. The observation period is designed to ensure that the subject does not smoke, vomit, or orally intake any item which may taint the test results. The remaining checklist steps make certain the correct operating procedure has been followed. The last section requires the oper-

ator to certify that the test was administered without deviation from the specified procedure.

*Hansen's claim*

Hansen claims 19 CSR 25–30 mandates that a testing officer observe the subject receiving a breath test for at least 15 minutes immediately preceding the test. Hansen reasons that the results of the second breath test should be inadmissible because Officer Monticelli did not follow this mandate. The Director of Revenue (hereinafter "the Director") concedes Officer Monticelli did not observe Hansen for fifteen minutes immediately preceding the second test, but claims that the purpose of the rule was served by the first fifteen-minute observation period. The Director argues that requiring a second fifteen-minute observation period in the absence of any evidence that the subject smoked, vomited, or orally took in a substance that would taint the test results imposes a requirement unnecessary to ensure that the test was reliable.

## STANDARD OF REVIEW

■ Our review of a trial court's judgment upholding the administrative suspension of driving privileges is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Duffy v. Director of Revenue*, 966 S.W.2d 372, 376 (Mo.App. W.D.1998). We affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Duffy*, 966 S.W.2d at 376. We view the evidence and all necessary inferences based on the evidence in the light most favorable to the judgment. *Id.* at 379. In a driver's license revocation proceeding, the trial court is accorded wide discretion on factual issues and the conclusions that follow. *Id.*

## ANALYSIS

■ In order to suspend an individual's driving privileges the Director must

show by a preponderance of the evidence that the driver was arrested on probable cause of driving while intoxicated, and that the driver's BAC surpassed the legal limit of .10% at the time of arrest. *Rogers v. Director of Revenue*, 947 S.W.2d 475, 476 (Mo.App. E.D.1997). When the Director makes a prima facie case, the burden shifts to the driver to rebut the prima facie case by a preponderance of the evidence. *Guccione v. Director of Revenue*, 988 S.W.2d 649, 652 (Mo.App. E.D.1999). To lay a proper foundation for admission of the results of a breathalyzer test to prove a driver's BAC, the Director must demonstrate the test was performed: (1) by following the approved techniques and methods of the Department of Health; (2) by an operator holding a valid permit; and (3) on equipment and devices approved by the Department of Health. *Stuhr v. Director of Revenue*, 766 S.W.2d 446, 449 (Mo.1989). The failure to properly observe a suspect for the required fifteen minute period falls within the first requirement.

■ Cases involving procedural flaws in fulfilling the observation requirement guide our decision.[1] In *Holley v. Lohman*, 977 S.W.2d 310 (Mo.App. S.D.1998), this Court ruled Holley, the driver, was properly observed for the required 15–minute period. *Id.* at 312. In determining whether the 15–minute rule had been satisfied, the court focused on the rule's purpose more than concerns about rote procedure. *Id.* The test is designed to assure that the subject does not smoke, vomit, or place anything in the mouth prior to the test. *Id.* Holley testified that he did not place anything in his mouth, and nothing on the record evidenced vomiting during the observation period. *Id.* Therefore, when the record shows that the subject has not smoked, vomited, or otherwise placed anything in the mouth prior to administration

of a breath analysis test, the purpose of the rule is fulfilled. *Id.* at 312; *McKown v. Director of Revenue*, 908 S.W.2d 178, 179 (Mo.App. W.D.1995); *State v. Wyssman*, 696 S.W.2d 846, 848 (Mo.App. W.D. 1985); *Hill v. Director of Revenue*, 985 S.W.2d 824, 828–29 (Mo.App. W.D.1998).

■ Cases analyzing challenges to the admission of breathalyzer results because of other types of procedural flaws look to the contaminating effect a flaw has on the accuracy of the test. *Rogers*, 947 S.W.2d at 477 (admitting the test printout despite the exclusion of the testing officer's permit number where other testimony proved the officer held a valid permit); *Cappiello v. Director of Revenue*, 895 S.W.2d 624, 626 (Mo.App. E.D.1995) (admitting printout of test results even though operator did not endorse his name or the motorist's name on the printout); *Shine v. Director of Revenue*, 807 S.W.2d 160, 163 (Mo.App. E.D. 1991) (involving failure of operator to complete an operational checklist at the time of a breath test). "An administrative procedural deficiency is not fatal to the admission of the test results from a breath analysis test if there is unrefuted evidence of the accuracy of the test results...." *Cappiello*, 895 S.W.2d at 626, *citing Shine*, 807 S.W.2d at 162–63.

■ The fifteen-minute observation requirement seeks to ensure the breathalyzer's accuracy by preventing smoking, vomiting, or oral intake of any type so that no driver's license suspension or revocation is based on false proof of intoxication. When the record shows that the purpose of the 15–minute observation requirement is fulfilled, courts admit the test results. But when a procedural flaw compromises the accuracy of the test, courts do not discount the flaw's contaminating effect. Therefore, the failure to observe the fif-

---

1. The issue presented today was initially recognized in *Krtek v. Director of Revenue*, 975 S.W.2d 468, 469 (Mo.App. S.D.1998), but was not reached for decision. The *Krtek* court determined that neither the testing officer nor anyone else observed Krtek for the required

15 minutes prior to either breathalyzer test being administered to Krtek. Therefore, the results of both tests were inadmissible. In contrast, the record in this case shows that Hansen was properly observed before the initial test.

teen-minute requirement qualifies as a procedural flaw only when the substantive purpose of the regulation is not served.

 Officer Monticelli testified that while preparing the machine for a second test, he did not observe Hansen for a period of six minutes after the invalid first test and immediately preceding the second test, but that he had observed Hansen for fifteen minutes prior to the first test. The evidence shows that Officer Monticelli and Hansen were the only people in the testing room during this six minutes. In addition, Hansen offered no evidence that she engaged in any of the activities prohibited by 19 CSR 25–30. As a result, the record supports an inference that Hansen did not engage in any of the conduct that would void the test.

The record shows that Hansen did not smoke, vomit, or otherwise place anything in her mouth for fifteen minutes prior to the administration of the second breath analysis test. Therefore, the evidence viewed most favorably to the judgment shows that the second test was performed by following the approved techniques and methods of the Department of Health. The Director properly laid a foundation for admission of the results of Hansen's second breath test. Accordingly, the Director made a prima facie case that Hansen's BAC was at least .10%. Hansen offered no evidence to rebut the Director's prima facie case. We affirm the trial court's judgment upholding the Director of Revenue's suspension of Hansen's driving privileges.

GARY M. GAERTNER, P.J., concurs.

PAUL J. SIMON, J., concurs.