Bradley D. SCHMIDT, Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Appellant.

No. ED 78931.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 25, 2001.

Jeremiah W. (Jay) Nixon, Attorney General, James A. Chenault, III, Special Assistant Attorney General, Missouri Department of Revenue, Jefferson City, MO, for Appellant.

Bradley D. Schmidt, Portage Des Sioux, MO, for Respondent.

GARY M. GAERTNER, Sr., Judge.

Appellant, Director of Revenue, State of Missouri ("Director"), appeals from the judgment of the Circuit Court of St. Charles County reinstating the driving privileges of respondent, Bradley D. Schmidt ("driver"). We reverse and remand.

At approximately 4:10 a.m. on February 12, 2000, a deputy of the St. Charles County Sheriff's Department ("deputy") observed driver pull into the parking lot of a Hardee's restaurant and park in a handicapped parking space next to another vehicle. She observed the lights go out on the vehicle and no one exited. Deputy pulled behind the vehicle. Deputy made contact with driver and noted a moderate odor of an intoxicating beverage on his breath. Deputy noted that his eyes were bloodshot and glassy. She also observed that driver's speech was slightly slurred. Driver admitted to drinking about six beers.

Driver failed several field sobriety tests. Based upon her observations and driver's performance of the field sobriety tests, deputy placed driver under arrest for operating a motor vehicle while in an intoxicated condition, failure to display valid plates on a motor vehicle and parking in a handicapped zone, as well as issuing a warning for not having proof of insurance. A subsequent test administered revealed that driver had a blood alcohol concentration (BAC) of .174 percent.

Driver was nineteen at the time of his arrest. Director revoked driver's driving privilege. On May 31, 2000, driver filed a petition for trial de novo. The cause was called on October 3, 2000. Driver argued that he was under the age of twenty-one and that there was no probable cause for the stop. Director argued that it did not have to show that there was probable cause for the underlying stop since driver's BAC tested at .10 percent or higher. Director further noted that the issue was then pending before the Missouri Supreme Court. The trial court took the matter under advisement.

On October 25, 2000, the trial court entered a judgment denying driver's petition. On November 21, 2000, the trial court *sua sponte* entered an amended judgement finding that the arresting officer did not have probable cause to arrest driver and that driver did not have a BAC of .10 percent or more. Director appeals.

The trial court's judgment will be affirmed on appeal unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976).

On appeal, Director argues the trial court erred in reinstating driver's driving privileges. Director contends there was uncontroverted evidence introduced which established that there was probable cause to arrest driver for driving while intoxicated and that his BAC was .10 percent or higher. Director also argues that she does not have to prove there was probable

882

cause to make the underlying traffic stop. We agree.

██ The Director has the burden to show by a preponderance of the evidence that the arresting officer had probable cause to arrest driver for driving while intoxicated, and that driver's BAC was at least .10 percent or more at the time of his arrest. *Erwin v. Director of Revenue*, 9 S.W.3d 37, 38 (Mo.App. E.D.1999). We find Director demonstrated by a preponderance of the evidence, that deputy had probable cause to arrest the driver. After deputy made contact with driver, she noted a moderate odor of an intoxicating beverage on driver's breath. Deputy noted that driver's eyes were bloodshot and glassy. She also observed that driver's speech was slightly slurred. Driver admitted to drinking about six beers and failed several field sobriety tests. Furthermore, the evidence reflecting that driver's BAC was .174 percent was admitted without objection. We conclude that the arresting officer had probable cause to arrest the driver for driving while intoxicated, and that driver's BAC was at least .10 percent or more at the time of his arrest. Furthermore, we conclude that the Director does not have to show probable cause for the underlying stop because the driver, who was under twenty-one at the time of the stop, had a BAC of .10 percent or higher. See *Baldwin v. Director of Revenue*, 38 S.W.3d 401, 405–406 (Mo.banc 2001).

Based on the foregoing we reverse the judgment of the trial court and remand the case to the trial court for further proceedings consistent with this opinion.

RICHARD B. TEITELMAN, P.J., and CLIFFORD H. AHRENS, J., concur.