Stanley H. DUING, Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

No. ED 78408.

Missouri Court of Appeals,
Eastern District,
Harris Stowe Docket.

Oct. 30, 2001.

Harry D. Bozoian, Jefferson City, MO, for Appellant.

Michael D. Lowry, Hillsboro and Jefferson City, MO, David R. Crosby, Arnold, MO, for Respondent.

GEORGE W. DRAPER III, Judge.

The Director of Revenue (hereinafter, "Director") appeals from the trial court's judgment setting aside the suspension of Stanley H. Duing's driving privileges (hereinafter, "Driver") for driving while intoxicated. Director's sole point on appeal claims the trial court erred in reinstating Driver's license because Director established a prima facie case for suspension, and Driver failed to rebut the prima facie case. We remand.

Director suspended Driver's license for driving while intoxicated pursuant to Section 302.505 RSMo (Supp.1997)[1]. Driver requested and received a trial de novo pursuant to Section 302.535. At trial, the arresting officer, Officer Hoeft, (hereinafter, "Officer Hoeft") testified that on December 22, 1999, he stopped Driver for speeding. As he approached the vehicle, he smelled intoxicants on Driver's breath. Officer Hoeft asked Driver whether he consumed any alcoholic beverages that evening, and Driver replied, "Yes." Officer Hoeft then asked Driver to step out of the vehicle, and he performed two field sobriety tests; Driver failed both tests. Based on the failure of those field tests, Officer Hoeft arrested Driver for suspicion of driving while intoxicated.

Officer Hoeft testified he observed Driver for fifteen minutes as required by Missouri Department of Health Regulations, then administered the breath analysis test to Driver. He also testified he did not see Driver place anything into, or take anything out of his mouth during the observation period. However, he could not recall if he looked into Driver's mouth, or asked him whether there was anything inside his mouth before conducting the breath analysis test. Driver submitted to the breath analysis test, and results indicated a blood alcohol concentration (hereinafter, "BAC") of .129 percent exceeding the .10 percent required under Section 302.505 to establish driving while intoxicated.

Driver testified he had chewing tobacco in his mouth prior to being stopped by Officer Hoeft, and the tobacco remained inside his mouth during the breath analysis test until after his release from the Desoto Police Department. Driver admitted evidence of his mug shot photo, indicating tobacco in his mouth, and testimony

---

1. All further statutory references are to RSMo (Supp.1997), unless otherwise indicated.

from the friend who picked him up at the Desoto Police Department. The friend testified that after they left the police department, Driver spit the tobacco onto the street.

The trial court reinstated Driver's license, giving the breath analysis test no weight because the administration of the test violated the fifteen-minute observational period set out in Mo.CODE REGS. ANN. tit. 19 Section 25–30.060 (2000), in that tobacco was in Driver's mouth during the breath test. Director appeals, claiming the trial court erred in reinstating Driver's license because Director established a prima facie case for suspension and Driver did not rebut it.

■■■ We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). To establish a prima facie case for driving while intoxicated, Director must show by a preponderance of the evidence that: (1) the arresting officer had probable cause to arrest a driver for driving while intoxicated; and (2) the driver's BAC was at least .10 percent or more at the time of his arrest. *Erwin v. Director of Revenue*, 9 S.W.3d 37, 38 (Mo.App. E.D.1999). The Director also has the burden to establish a foundation for the admission of the BAC results. Three elements must be proven for a proper foundation: (1) the test was performed following Department of Health regulations; (2) the testing operator held a valid permit; and (3) the Department of Health approved the equipment and devices used in administering the test. *Krieger v. Director of Revenue*, 14 S.W.3d 697, 701 (Mo.App. E.D.2000). Proof of compliance with the regulation is not an issue if a timely objection is not made. *Id.*

Director met the prima facie case because the parties stipulated probable cause existed for the arrest of Driver for driving while intoxicated, and the result of the breath analysis test indicated a BAC of .129 percent. Additionally, Director established the proper foundation for the admission of the test results into evidence. Since Driver failed to object to the admission of the BAC results during trial, regulation compliance is not at issue.

■■■ Once a prima facie case of driving while intoxicated is established the burden of proof shifts to the driver to rebut it by a preponderance of the evidence. *Hansen v. Director of Revenue*, 22 S.W.3d 770, 773 (Mo.App. E.D.2000). Driver must present specific evidence of his own, rebutting Director's prima facie case; merely showing inconsistencies is not sufficient. *Testerman v. Director of Revenue*, 31 S.W.3d 473, 480 (Mo.App. W.D.2000). A trial court's inferences from evidence presented must be reasonable in nature and cannot be a product of guesswork, conjecture, or speculation. *Id.* at 483.

■■■ The Parties herein have failed to define, and we cannot locate a specific definition of oral intake in the Department of Health Regulations or Missouri caselaw. *See* 19 Section 25–30.011. It is clear however, that the regulations seek to keep substances from going into, or coming out of the mouth during the fifteen-minute observation period to prevent tainting the result of the breath analysis test. *Farr v. Director of Revenue*, 914 S.W.2d 38, 40 (Mo. App. S.D.1996). To assure correct operating procedures have been followed, the operator must certify through a checklist that the test was administered without deviation from the regulations. *Hansen*, 22 S.W.3d at 772. When the record reflects the person tested has not placed anything into or taken anything out of the mouth

during the observation period prior to the administration of the breath analysis test, the court must admit the test results since the officer correctly administered the test. *Id.* at 773. Officer Hoeft strictly followed operating procedures by observing Driver for fifteen minutes prior to the breath analysis test, and correctly certified the results of the breath analysis test by completing the checklist.

In rebuttal, Driver presented evidence that he had tobacco in his mouth during the observation period, and he claimed this violated the "oral intake" requirement of Regulation 19 Section 25–30.060. Viewed in the light most favorable to Driver, the trial court could have inferred reasonably that Driver had tobacco in his mouth at the time of the exam. However, the trial court had no evidentiary basis upon which to assume the tobacco contaminated the results of the breath analysis test, especially when neither party produced any evidence, scientific or otherwise, to support this conclusion.

■ Based upon the foregoing, we find the trial court exceeded its authority in reinstating Driver's driving privileges in the absence of this evidence. *See State ex rel. Danforth v. Lasky,* 498 S.W.2d 535 (Mo. banc 1973). Where the record before this Court is insufficient to render a fair judgment, this Court will remand to the trial court to determine the issue. *Whitworth v. Whitworth,* 878 S.W.2d 479, 484 (Mo.App. W.D.1994). Therefore, the cause is remanded for further proceedings in order for the trial court to determine the limited issue of whether the tobacco in Driver's mouth during the breath analysis test had any effect on its outcome.

MARY K. HOFF, Chief Judge, dissenting in part and RONNIE L. WHITE, Special Judge, concurs.

MARY K. HOFF, Chief Judge, dissenting in part.

I respectfully dissent from the majority on the limited issue of whether this case should be remanded to the trial court for additional evidence regarding whether the "little pinch" of chewing tobacco in Driver's mouth had any effect on his breath analysis test.

As noted by the majority opinion, Driver waived any foundational objections regarding the breath analysis test result by not objecting when it was offered into evidence. Also, because Driver testified that he put tobacco in his mouth at the time of the traffic stop and had the tobacco in his mouth throughout the observation period and administration of the breath analysis test, the requirement of no "oral intake" of regulation, 19 C.S.R. 25–30.060, was not breached.

Furthermore, there was no evidence produced which indicated that the tobacco would have contaminated the results of the breath analysis test. Once the Director made a prima facie case for suspension under Section 302.505.1, it was Driver's burden to present evidence to rebut this conclusion by a preponderance of the evidence. Driver had the opportunity to present such evidence at trial but failed to do so. Hence, the trial court's judgment reinstating the Driver's license was in error. *See Testerman v. Director of Revenue,* 31 S.W.3d 473, 484 (Mo.App. W.D. 2000).

As a result, I would reverse and remand the judgment of the circuit court reinstating Driver's license and remand for the court to enter its judgment affirming the Director's suspension of Driver's driving license pursuant to Section 302.505.1.